PRESENT—M'KEAN CHIEF JUSTICE, SHIPPEN, YEATES AND SMITH, JUSTICES.

RESPUBLICA *against* Keeper of the gaol of the city and county of Philadelphia.

On a *habeas corpus ad-subjiciendum*, Supreme Court has no jurisdiction, to discharge a party arrested by process out of the Courts of Common Pleas.

PHILIP MARTZ and Mary Eva his wife, were brought before the court, by a writ of *habeas corpora*. Return was made thereto, that they were confined by mesne process, issued out of the Court of Common Pleas of the county of Philadelphia, at the suit of Pratt and Kintzing.

It appeared that Martz and his wife had entered into an indenture at Bremen on the 21st May 1798 as servants to captain Samuel Mackey, to serve until 150 dollars were paid for their passages; at the expiration of their servitude, they became entitled to two suits of clothes, one of them to be new.

Mr. J. B. M'Kean their counsel contended, that this instrument could only be considered as a mere contract of servitude. As to the wife, it was utterly void, she not being *sui juris*. The laws of the state respected only such indentures of servitude as were executed by foreigners after their arrival here, before the mayor or recorder of the city of Philadelphia, where the city enjoyed its corporate rights, or before the register of German passengers. This appears clearly by the act of 8th April 1785. 2 Dall. St. Laws, 325. It will not be asserted, that either the husband or wife can be compelled to enter into new indentures; and the remedy of the owners of the vessel can only be by enforcing the contract as a debt.

Mr. Dallas in behalf of Pratt and Kintzing insisted that the contract at Bremen was obligatory on all the parties. It was transacted at a foreign port, and must be governed by the *lex loci*. But even here, the law does not contemplate the indenture of a feme covert for passage money as void. The act of 22d April 1794, provides that husband and wife bound as servants, shall not be separated without their consent, which plainly legalizes such indentures. 3 Dall. St. Laws, 567. The masters of vessels are restricted from bringing into any port within this commonwealth,(*Ib.* 564) any greater number of passengers,than can be well supplied with sufficient good and wholesome meat and drink; the dimensions of their births are regulated; when there are fifty whole freights, a physician is to be

employed; the vessels are to be duly smoked and cleansed at sea, &c. Shall the owners and captains of ships be subjected to these different regulations, and be afterwards told that they shall look for indemnification to his servant as a debtor, or to his goods as a pledge for his freight, though a different security was expressely agreed on by the parties at a foreign port? *Ib.* 567. It is not asked of the court, that the husband and wife shall be compelled to enter into new indentures, but that they shall not be liberated until they have performed their solemn engagement, which nothing but payment, tender or service can discharge.

By the court. Martz and his wife ought honestly to comply with their contract, and come with an ill grace before us. Another objection occurs, which has great weight. We have no jurisdiction in this summary mode to discharge either the husband or wife arrested by process out of the Common Pleas, and they must therefore be remanded.