THE PEOPLE *against* RELYEA.

THIS was an action of debt on a recognizance taken under the *act for the relief of cities and towns from the maintenance of bastard children.* (Sess. 36. c. 12. 1 *N. R. L.* 306.) The defendant pleaded *nil debet*, with a notice of special matter, intended to be given in evidence. The cause was tried before the late Chief Justice, at the *Albany* circuit, in *April*, 1818.

It appeared, that an order of filiation having been made, was, afterwards, by the consent of the parties, quashed by the Court of Sessions, and that then, a second order, which was the one set forth in the declaration, was made by two Justices, which second order recited, that the previous order had been quashed, by consent, that a new order might be made. The defendant, who was the putative father, contended, that the recital in the latter order was not admissible in evidence, and binding on him, and that it was not competent for two Justices out of sessions, to make a second order, after the first had been quashed. The Chief Justice decided, that parol evidence was inadmissible to contradict the facts stated in the last order, and that the same was conclusive, as long as it remained unreversed ; and the jury were directed to find a verdict for the plaintiffs, subject to the opinion of the Court. The jury then, by the consent of parties, assessed the damages incurred by the plaintiffs, reserving it for the opinion of the Court, whether this was a case for the assessment of damages, or whether the verdict should be for the penalty of the recognizance.

*Lush*, for the plaintiffs. 1. The order of the Justices was in the nature of an adjudication, or judgment of a Court of competent jurisdiction. It is, therefore, conclusive, unless appealed from ; for it can only be got rid of by an appeal. Being an adjudication by a competent Court, it cannot be tried or reversed in any collateral way. An order unappealed from, is conclusive against all the world. (*Burr.*

*An order of filiation made by two justices of the peace, under the act for the relief of cities and towns from the maintenance of bastard children, (sess. 35. c. 12. 1 N. R. L. 306.) is a judicial act, and is conclusive, until reversed upon appeal.*

*If an order of filiation has been made, and is afterwards quashed, by consent of parties, that a second order might be made, a second order of two justices out of sessions, is valid, and cannot be impeached collaterally.*

*The recognizance given by the putative father of a bastard child, under the act sess. 36. c. 12. s. 4. 1 N. R. L. 307. is not within the 7th section of the act for the amendment of the law, 1 N. R. L. 518. and, therefore, in an action-upon such recognizance, the damages are not to be assessed, but the verdict must be for the amount of the penalty, the whole of which is to be recovered, and which is not merely to stand as security against future breaches.*

*Sett. Cases,* 658. 168. 192. 275. 551. *Walsworth v. Mead,* 9 *Johns. Rep.* 367. *Sweet v. Overseers of Clinton,* 3 *Johns. Rep.* 26.) The party has a remedy provided for him by the statute, that is, by appeal; and if he does not choose to avail himself of that remedy, he cannot, in a collateral way, be allowed to reverse the order. If this Court could, in any way, try the question, and reverse or modify the order of the Justices, it would become a Court of *Appeals;* but the jurisdiction as to appeals in such cases, belongs exclusively to the Court of Sessions.

The judgment or order from which an appeal is given by the statute, is a judgment on the *merits;* and if an order be quashed on the ground of *form,* by consent, it is not a case for an appeal, but the Justices must make a new original order. (*Comyn's Dig. Bastard.* (G.) In *Mather v. Wood,* (8 *Johns. Rep.* 44. 51.) it was held, that a conviction under the *act to prevent forcible entries and detainers,* could not be traversed; for the Justice had jurisdiction to record the force, and to convict, and in making the record, he acted as a judge, not as a ministerial officer.

2. Again; the plaintiffs are entitled to judgment for the *penalty.* The act for the amendment of the law, in relation to the assessment of damages, (sect. 6, 7.) does not apply to this case. It is applicable only to *bonds* for the payment of money, or the performance of covenants. A *bond* is not a *recognizance.*

*Foot,* contra. 1. From the facts in the case, it is to be intended, that the parties came regularly before the Court of Sessions, by appeal, when the first order was quashed. If so, a second order could not be made. (*Comyn's Dig. Bastard,* (G. 2.) *Bulstr.* 255. *Cro. Car.* 471. 1 *Burn's Justice,* 366. 20 ed.) On an appeal under the 18 *Eliz.* c. 3. from which the sections of our act are taken, *Burns* says, that where the party appeals to the Sessions, and they quash or alter, or confirm the order, it is final. It is true, he adds, that if it is quashed for want of *form,* it is as no order at all, and, therefore, the Justices may proceed *de novo;* but he cites no authority for the position. By the 12th section of the act, (1 *N. R. L.* 310.) on hearing of appeals

under it, the Sessions are to begin *de novo*, and require the person who obtained the order in his favour, to support it by evidence.

If the Sessions had no jurisdiction, the consent of the parties could not give it. It is not denied, that if the order was quashed for any thing but mere *form*, it was final and conclusive. The legal intendment is, that the decision was on the merits; and it is for the plaintiffs to show, that it was for *form* only, so as to establish the validity of the second order. We contend, that the second order was void, and if so, there was no occasion to appeal from it; though if merely voidable, the party must appeal to get rid of it. The *recital* in the second order is not evidence of the facts stated. (*Philips' Ev.* 358.)

2. This suit comes within the fair construction of the 7th section of the act for the amendment of the law, &c. which allows breaches to be assigned, and damages assessed, where the suit is for a penalty, for the non-performance of covenants, or any condition other than the payment of money.

SPENCER, Ch. J. delivered the opinion of the Court. Two questions arise in this case: 1. Is the second order void, the first appearing to have been quashed in the Sessions, by consent. 2d. Ought the damages to have been assessed?

There can be no doubt, but that an order of two Justices, in the cases arising under the act for the relief of cities and towns, from the maintenance of bastard children, cannot be impeached by parol evidence, unless in the mode pointed out in the statute itself, or on appeal to the Sessions, and the hearing thereof. An order is in the nature of a judgment, and if the Justices who make it, have jurisdiction, it is so far conclusive, that, unappealed from, it is final and binding. In the case of *Mather* v. *Hood*, (8 *Johns. Rep.* 44.) we held, that a conviction made by one Justice, under the act to prevent forcible entries and detainers, could not be traversed, and that when the record shows that the Justice had jurisdiction, and proceeded regularly, it was conclusive, for, that the Justice in making it, acted not as a ministerial officer, but as a Judge.

NEW-YORK,
May, 1819.

THE PEOPLE
v.
RELYEA.

The order of the Justices, is the appropriate record of their proceedings ; the act is a judicial one, and is not to be impeached collaterally.   Had the Justices jurisdiction to make the second order ?  The only circumstance to impeach their jurisdiction, is the statement that the first order was quashed, by consent, in order that a new one might be made ; if the defendant would take advantage of the part that there had been a former order, he must take it with the qualification ;  and then it appears, that it was not quashed, on its merits ; and if it was merely set aside, by consent, for informality, it cannot be pretended, that that would absolve the putative father, or preclude the Justices from making another order.

This is not a case requiring the assessment of damages. The 5th section of the act referred to, (1 *N. R. L.* 308.) provides, that if any recognizance concerning bastardy, shall become forfeited, the Court of Sessions shall direct the clerk to prosecute a suit thereon, and the money, when recovered, shall be paid to the overseers of the poor, of the town for whose indemnification it was taken, to be applied to the relief of the poor thereof; with authority to the Court to order the clerk to compound for the penalty in such manner, and upon such terms, as the Court shall judge proper.

This evidently shows, that it was not the sense, or intention of the legislature, that any thing less than the penalty should be recovered.   This was intended as a fund for the support of the poor, particularly of the bastard child, in relation to which the order was made.   Any other construction would involve an absurdity, for these orders require a sum to be paid for the weekly support of the bastard, and it cannot be supposed, that the penalty is to stand as a security, and that on every default, a new proceeding was to be instituted.   This case is not within the provisions of the 7th sec. of the act for the amendment of the law, (1 *N. R. L.* 518.) for this is not a bond within the meaning of that act.

Judgment for the plaintiff, for the amount of the recognizance.