## THOMAS SHEEHAN'S CASE.

Suffolk. March 27. — April 10, 1877. COLT & SOULE, JJ., absent.

If a judge of a court in this Commonwealth, who has been elected to and has taken a seat in the Legislature, continues publicly to exercise his judicial office, the question whether he is disqualified to act as judge, under the 8th article of amendment of the Constitution, cannot be determined upon a writ of habeas corpus, sued out by a person whom he has tried and sentenced to imprisonment.

HABEAS CORPUS of a person alleged to be unlawfully restrained of his liberty by the keeper of the jail at Salem in the county of Essex.

At the hearing, before *Colt,* J., it appeared that the petitioner was on March 11, 1877, convicted, before the Police Court of the city of Lynn, held by Nathan M. Hawkes, a special justice of said court, of the crime of larceny of five hens valued at six dollars, and was committed by said justice to the jail at Salem under a warrant signed by the clerk and under the seal of said court.

It also appeared that Mr. Hawkes was duly elected a representative of the city of Lynn to the General Court for the year 1877; that he accepted the office, was duly qualified, and took and still holds his seat as a member of the Legislature.

The petitioner contended that, by accepting the seat in the Legislature, Mr. Hawkes had vacated his office of special justice of said court, and that the commitment was therefore illegal.

The judge admitted the petitioner to bail, and reserved the case for the consideration of the full court.

*W. H. Niles,* for the petitioner.

*W. C. Loring,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) *contra.*

GRAY, C. J.   The petitioner, not denying the jurisdiction of the Police Court of Lynn, rests his claim to be discharged upon the disqualification of Mr. Hawkes, (who, as a special justice of that court, passed the sentence and ordered the commitment,) by reason of the eighth article of amendment of the Constitution, which declares that no judge of any court of this Commonwealth (except the Court of Sessions) shall at the same time have a seat in the Senate or House of Representatives.

But if Mr. Hawkes, upon taking his seat in the House of Representatives, ceased to be a justice *de jure,* he was, by color of the commission which he still assumed to hold and act under, having the usual signs of judicial office — sitting in the court, using its seal, and attended by its clerk — and no other person having been appointed in his stead, a justice *de facto.* Upon well settled principles, it would be inconsistent with the convenience and security of the public, and with a due regard to the rights of one acting in an official capacity under the color of, and a belief in, lawful authority to do so, that the validity of his acts as a justice should be disputed, or the legal effect of his election and qualification as a representative be determined, in this proceeding to which he is not a party.   The appropriate form of trying his right to exercise the office of a justice is by information in behalf of the Commonwealth, or perhaps by action against him by the person injured.   *Fowler* v. *Bebee,* 9 Mass. 231, 235. *Commonwealth* v. *Fowler,* 10 Mass. 290, 301.

The rule extends to all offices, executive or judicial, and applies alike to questions of the validity of the original election or appointment, and to questions whether the commission or authority has expired by its own limitation or by the acceptance of an incompatible office.   Of the great number of cases in the books, it will be sufficient to cite some of those most nearly resembling the case before us.

Judicial acts done in a court baron by a steward not duly appointed, or by an under-steward who kept court as steward with

out authority of the lord or of the high steward, or even by a clerk holding a court without disturbance by the lord, were held good, as done by color of authority, the lawfulness of which the suitors were not compellable to examine or inquire into. *Harris* v. *Juys*, Cro. Eliz. 699. Vin. Ab. Steward of Courts, G. Com. Dig. Copyhold, C. 5.

In *Milward* v. *Thatcher*, 2 T. R. 81, 87, Mr. Justice Buller, speaking of early cases in which writs of error were unsuccessfully brought to reverse judgments, by the records of which the same persons appeared to have acted as judges and as bailiffs, said : " In such · cases, the question whether they be properly judges or not can never be determined; it is sufficient if they be judges *de facto*." See also *Andrews* v. *Linton*, 2 Ld. Raym. 884, 885 ; *Clark* v. *Commonwealth*, 29 Penn. St. 129.

In *Cocke* v. *Halsey*, 16 Pet. 71, 87, which concerned the validity of an act done by a clerk *pro tempore* after the close of the term of court at which he was appointed, the Supreme Court of the United States expressed a decided opinion that, assuming that the appointment was, by the Constitution and laws of the state, limited to the term, yet he was clerk *de facto*, acting *colore officii*, and his acts must therefore be deemed valid as regarded third persons interested in them. So acts done by a justice of the peace or a constable, after his commission has expired, but while he is commonly reputed to hold his office, are valid. *Brown* v. *Lunt*, 37 Maine, 423. *Petersilea* v. *Stone*, 119 Mass. 465.

The Constitution of the State of Vermont declares that no person, holding any office of profit or trust under the authority of Congress, shall " be eligible to any appointment in the Legislature, or of holding any executive or judiciary office under this State." In *McGregor* v. *Balch*, 14 Vt. 428, a plea to the jurisdiction of a justice of the peace, that at the time of signing the writ, and at the time of the trial, he was a postmaster under the authority of Congress, and as such was ineligible to the office of a justice of the peace, and unauthorized to take cognizance of the action, was adjudged, upon full consideration, to be bad, because he was a justice *de facto*, and the question whether, on the one hand, upon accepting and qualifying as a justice, he resigned the office of postmaster and became a justice *de jure*, or, on the other

hand, continued to hold the office of postmaster, and therefore could not legally hold the office of justice also, could not be tried and determined in an action to which he was not a party. That case has more than once been cited with approval by this court. *Commonwealth* v. *Kirby*, 2 Cush. 577, 581. *Fitchburg Railroad* v. *Grand Junction Railroad*, 1 Allen, 552, 558.

In *Commonwealth* v. *Kirby*, the defendant, being indicted for assaulting and obstructing a constable in the execution of his office, introduced evidence that the only authority of the constable was a warrant issued by a person who, after having been appointed and qualified as a justice of the peace, had been duly appointed and qualified as a constable, and held this office when he, as justice, issued the warrant in question. This court, while expressing the opinion that the acceptance of the office of constable did not, by the Constitution of Massachusetts, disqualify him to act as a justice of the peace, further declared that if this were more doubtful, and if, in an action instituted against a justice of the peace for issuing his warrant without authority, this ground of the incompatibility of the two offices would avail, yet that, holding a commission as justice of the peace, and having been legally qualified to act as such, and continuing to act in that capacity, with full powers, unless for the objection now taken, he would, as against third persons, be considered as a justice of the peace *de facto*, and his warrant would justify the officer to whom it was directed in making service of the same.

In *Fitchburg Railroad* v. *Grand Junction Railroad*, which was an action to recover a portion of the expense of building a bridge at a junction of the tracks of several railroad corporations, according to the award of a commissioner appointed by the Governor upon the application of the plaintiff, under a statute for the purpose, it was held that it was not open to the defendant to show that the appointment was in violation of the Constitution of the Commonwealth for the reason that the commissioner held at the same time two other offices.

The case of this petitioner being within the jurisdiction of the Police Court, the warrant of commitment, under the seal of the court, and signed by its clerk, was a complete justification of the jailer to whom it was addressed. When the court has jurisdiction of the case and of the party, and the warrant is sufficient

to justify the officer, and the prisoner has no special privilege or exemption, his imprisonment is legal, and the law does not allow the authority of the judge, by whom the court was held and the warrant issued, to be disputed in a summary manner by writ of habeas corpus. *Commonwealth* v. *Lecky*, 1 Watts, 66. *State* v. *Bloom*, 17 Wis. 521. *Ex parte Strahl*, 16 Iowa, 369. *Ex parte Strang*, 21 Ohio St. 610. *Griffin's case*, Chase, 364, 426.

*Prisoner remanded.*