C. A. HARRIS v. T. S. McDADE.

(No. 1098, Op. Book No. 2, p. 457.)

APPEAL from Waller County. Opinion by WINKLER, J.

§ 796. *Habeas corpus; rules relating to.* Appellant
was fined for contempt of court by the county court of
Austin county, and an attachment issued to Waller
county commanding his arrest, etc. Appellee, sheriff of
the latter county, arrested him under the attachment,
and appellant applied to the judge of the county court
of Waller county for a *habeas corpus*, which writ was
granted, and upon a hearing thereof he was remanded
to the custody of the sheriff, from which judgment this
appeal was prosecuted. *Held*, the record contains neither
bill of exceptions, statement of facts or assignment of
errors. Judging from the case as presented, there was
no error in the proceedings and action of the county
judge in remanding appellant to the custody of the sher-
iff, in order that the process by which he held him might
be permitted to have effect and take its course. What-
ever defense he had to make, the law permitted him to

make before the court from which the process emanated. "The *habeas corpus* is undoubtedly an immediate remedy for every illegal imprisonment; but no imprisonment is illegal when the process is a justification to the officer; and process, whether by writ or warrant, is legal whenever it is not defective in the frame of it, and has issued in the ordinary course of justice, from a court or magistrate having jurisdiction of the subject matter, though there have been error or irregularity in the proceedings previous to the issuing of it." [Com. v. Lecky, 1 Watts, 66; Hurd on Hab. Corp. 340.] Whether the judgment or execution be voidable is a point which the sheriff is never permitted to raise; and having arrested the party, he is bound to keep him until he is discharged by due course of law. [Cable v. Cooper, 15 Johns. 152.] It was the duty of the sheriff to convey the appellant to the county and before the court from which the process emanated, that being the proper tribunal for the appellant to answer before, and *habeas corpus* was not the proper remedy of appellant.

March 23, 1881.                              Affirmed.