[Crim. No. 2721. Second Appellate District, Division One.—April 20, 1935.]

In the Matter of CONRAD HAAS on Writ of Habeas Corpus.

Barry Sullivan for Petitioner.

Buron Fitts, District-Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

CONREY, P. J.—On writ of *habeas corpus.* In the Justice's Court of Belvedere Township, in the County of Los Angeles, on April 5, 1935, a complaint was filed against

petitioner Conrad Haas, charging him with the commission of a felony. April 10th was appointed as the day for the preliminary examination before Myer B. Marion, justice of the peace of that township. On April 8th defendant filed an affidavit in which he asserted that for certain stated reasons said Marion was prejudiced against affiant and for that reason affiant believed that he could not have a fair and impartial trial before said Marion. Thereupon, Justice Marion, made a request, which does not appear to have been a written request, calling upon H. Leonard Kaufman, justice of a neighboring township, to act in place of Justice Marion in that proceeding. Kaufman complied with that request, heard the evidence and committed the defendant to be prosecuted for the crime of attempted robbery. By said order the defendant was held to bail, which has not been given, and consequently he is committed to the custody of the sheriff until he gives such bail.

■ The principal contention upon which petitioner rests his demand for release from custody is that the record does not show any *written* request made by Justice Marion calling upon Justice Kaufman to act in the matter of said preliminary examination; and that under the provisions of section 105 of the Code of Civil Procedure, such written request was necessary to confer jurisdiction upon Justice Kaufman. That section, as amended in 1933, contains the following provision for the calling of a ''substitute justice'' to hear a case: *''Justice may call substitute justice to hold court.* At the written request of a justice of the peace, another justice of the peace within the same county, who possesses the legal qualifications prescribed for the court of the requesting justice, may attend such court, and thereupon is vested with the power, and may perform all the duties, and issue all the papers or process of the justice making such request. . . . ''

In view of the fact that Justice Kaufman was a justice of the peace qualified to act in Belvedere Township upon proper request therefor, and since at the time of the hearing and commitment he was acting as such justice, he thereby became, at least *de facto,* a justice and magistrate acting in the case. This being so we are of the opinion that his right to so act may not be questioned in this proceeding. Upon this particular question we have found no decision in this

state, but the subject was discussed very thoroughly in *Sheehan's* case, 122 Mass. 445 [23 Am. Rep. 374]. The court said: "Upon well settled principles, it would be inconsistent with the convenience and security of the public, and with a due regard to the rights of one acting in an official capacity under the color of, and a belief in, lawful authority to do so, that the validity of his acts as a justice should be disputed, . . . in this proceeding to which he is not a party." After stating the substance of several English decisions, and others in this country, the court concluded: "The case of this petitioner being within the jurisdiction of the Police Court, the warrant of commitment, under the seal of the court, and signed by its clerk, was a complete justification of the jailor to whom it was addressed. When the court has jurisdiction of the case and of the party, and the warrant is sufficient to justify the officer, and the prisoner has no special privilege or exemption, his imprisonment is legal, and the law does not allow the authority of the judge, by whom the court was held and the warrant issued, to be disputed in a summary manner by writ of *habeas corpus.*"

Upon the additional point that the preliminary hearing was conducted without regard to the defendant's right to be represented by counsel, it is a sufficient reply that this is a right which may be waived and the denial of which does not impair the jurisdiction of the magistrate.

The petitioner is remanded to custody.

Houser, J., and York, J., concurred.