## FLETCHER v. WEISMAN.

1. Where the bill of exceptions states two points as having been made in the circuit court, both of which were overruled, and thereupon the defendant excepted to the decision of the court. This is a sufficient exception as to each of the points overruled.

2. The admission by the adverse party, that a letter corresponded with a written contract which had been entered into by the parties, will not authorize the letter to be read in evidence, to prove the contract, without accounting satisfactorily for the omission to produce the written instrument, of which the letter is at best, only a copy.

Writ of error to the Circuit Court of Perry County.

ACTION of assumpsit for the use and occupation of land. Pleas—non assumpsit, payment and set-off; verdict and judgment for the plaintiff.

At the trial a bill of exceptions was taken by the defendant, which states, " that a witness was introduced by the plaintiff, who said the land was rented from one A. J. Cady by the de-

Fletcher v. Weisman.

fendant, for the year 1837, under a written contract. This witness also said, that he had seen the contract, but did not know where it was at the time, when the trial was had; he believed it was in the possession of Cady, or the defendant when he last heard of it; that he had received a letter from Cady, stating what the terms of the contract were; this letter he presented to the defendant and asked him if what was stated in it, corresponded with the written contract. The defendant admitted that it did. This letter was introduced in evidence. To all which evidence the defendant objected, from the time when the witness stated the contract was in writing, alledging that the contract contained other provisions than the rate at which the land was rented. The objection was overruled by the circuit court. It was also proved, by the plaintiff's witnesses, that there had been a controversy between Weisman the plaintiff and Cady, as to the title to the land, or as to which of them it belonged; that Fletcher had agreed to pay the rent for the year 1837, to the one to whom the land should be determined to belong, according to the contract between himself and Cady; that Cady and Weisman finally agreed that the land belonged to the latter; and that Fletcher rented it from him for the year 1838. To all this evidence the defendant objected, and moved the circuit court to exclude it from the jury, on the ground that the written contract between them and Cady, for the rent of the land for the year 1837, was not produced, or its absence in any way accounted for; which was overruled and the evidence allowed to go to the jury: and thereupon the defendant excepted to the decision of the court."

Errors are assigned on the points covered by the exceptions.

PHELAN, for the plaintiff in error, insisted there was error, in admitting parol evidence when the written contract was not produced, or its absence accounted for.

PECK, for the defendant in error, stated as a preliminary objection to entering on the main question, that the admission of the secondary evidence was not excepted to.

He considered the bill of exceptions as *objecting* but not as

*excepting* to the admission of the letter as evidence, and cited The Bank of the State of Alabama v. McDade, 4 Porter, 252.

GOLDTHWAITE, J.—The bill of exceptions presents two distinct points; the first is an objection to the admission of the evidence respecting the contract for the year 1837, given subsequently to the disclosure, that this contract was reduced to writing; the second, is a motion to exclude the entire evidence from the jury: the evidence was admitted and the motion to exclude, overruled. The bill of exceptions is certainly not drawn with critical precision, but we think it would be hypercritical to assume, that the decision excepted to, was not of both the points presented.

2. We proceed then to the examination of the only matter relied on by the plaintiff in error. It was shown that a written contract, was made by Cady, and the defendant below, for the rent of the land for the year 1837, and this contract was to enure to the benefit of the plaintiff, on a certain event, which afterwards happened. The letter from Cady to the witness, was admitted to correspond with the written contract; but this admission at best, in our opinion, could have no other effect, than to establish the letter as a copy, in substance, of the written contract. This conclusion entirely disposes of the case, for it is plain, if the letter was nothing more than a *copy* of the written contract it ought not to have been admitted, until the *original* was satisfactorily accounted for.

For this error the judgment of the circuit court is reversed and the cause remanded.