## FLOURNOY v. CLEMENTS AND ANOTHER.

1. A writ was placed in the hands of a sheriff appointed by the Governor to fill a vacancy, on the 8th of March, on the 12th of the same month the writ was executed on one of the defendants, and on the 30th on the other; on the 18th of March a sheriff elected by the people was invested with the office: *Held*, that the service of the writ was good, being made by a sheriff *de facto*, such a short time after his successor was qualified, that it could not have been generally known that he was superseded.

Writ of error to the Circuit Court of Randolph.

A WRIT of *capias ad respondendum* at the suit of the plaintiff in error, against the defendants, was issued on the 8th of March, 1844, returnable to the Circuit Court of Randolph, to be holden on the seventh Monday after the fourth Monday of that month; and was executed on one of the defendants the 12th, and the other the 30th of March. On motion of the defendants, the service of the writ was vacated and set aside, upon the ground, (as supposed,) that the person who executed it was not an officer authorized by law to execute process. The facts, as shown by the record, are substantially as follows,

viz: At the election in August, 1842, Robert Caskey was elected sheriff of Randolph, qualified and entered upon the discharge of his duties as such; in June, 1843, he was removed by the judge of the County Court, and this order of removal reversed by this Court at its term holden in January, 1844. On the 18th March, Caskey executed another official bond, which was approved by the judge of the County Court; this bond was given and approved without any previous order, other than the order of removal and the action of this Court thereon, yet Caskey, immediately, on its execution resumed the discharge of his official duties.

In June, 1843, Samuel Carpenter was appointed and commissioned to fill the vacancy caused by the removal of Caskey, "for the term prescribed by the constitution," and entered upon the performance of the duties pertaining to the office of sheriff of Randolph, and since the 18th of March, both Caskey and Carpenter have acted as such; the latter executed the writ in this case. The plaintiff objected to the trial of the question raised upon these facts, and insisted, that if available, they should be brought to the view of the Court by plea in abatement.

W. P. CHILTON and F. W. BOWDON, for the plaintiff contended, that the service of the writ was made by one who was sheriff *de facto*, and was quite as effectual to bring the defendant before the Court, as if Carpenter had been an officer *de jure*. If, however, the service was invalid, it should not have been quashed on motion; but the defendant should have been put to his plea in abatement.

S. F. RICE, for the defendant, insisted, that the order vacating the service of the writ was not revisable on error. [Maverick v. Duffee, 1 Ala. Rep. N. S. 433; Cotton v. Huey, 4 Id. 57.] The appointment of Carpenter was on a supposition false in fact, and therefore void; but if valid, it continued only up to the time of the next election in August, 1843. [Con. of Ala. Art. 4, § 24.] Although Caskey did not act from June, '43, to March '44, yet when the order of removal was reversed, and he executed a new bond he was reinvested with his office.

COLLIER, C. J.—The constitution invests the Governor with authority to fill any vacancy, which may occur subsequent to an election, in the office of sheriff, and declares that the appointee shall continue in office until the next general election. [Art. 4, § 24; The State ex rel. Murray v. Ayers, Minor's Rep. 323.] In the present case it is conceded, that Carpenter was appointed to the sheriffalty upon the hypothesis, that Caskey had vacated his office; and whether the suggestion and proof upon which the execution acted, was founded in truth, cannot be collaterally drawn in question. In such a proceeding it would, if necessary, be intended, that the state of things contemplated by the constitution existed, and that the appointment was regular—not only in fact, but in law. But conceding that Caskey was wrongfully removed, and was reinstated by the reversal of the order of removal, and the execution of a new official bond, and does it necessarily follow, that the service of process by Carpenter, thereafter, was a nullity.

In Garner v. Clay, et al, 1 Stewart Rep. 182, it was decided, that the acts of a sheriff *de facto* are valid, although there is another person who has been elected to the office, and consequently entitled to it *de jure*. The service of process by the former was considered good as to the public, and between the parties to the suit. So, where a judge was appointed pursuant to a statute, which was afterwards declared void by a judicial decision of the highest Court of the State, the question was raised, whether all the acts of the judge so appointed were void. It was said, that as the judge acted under color of legal authority, &c., his decision, as an officer, *de facto* was valid, though the authority under which he acted was void. [Taylor v. Skinner, 2 So. Caro. Rep. 696.] It is said to be a settled rule of law, that the acts of officers *de facto* are valid, when they concern the public, or the right of third persons who have an interest in the act done; this has been adopted to prevent a failure of justice. A different rule has however been adopted, where the act is for the benefit of the officer, because he shall not take advantage of his own want of title, of which he cannot be ignorant. [Keyser v. McKissan, 2 Rawle's Rep. 139; Parker v. Luffborough, 10 Sergt. & R. Rep. 249; Laurenson v. The State, 7 Har. & Johns. Rep. 339;

McKinstry v. Tanner, 9 Johns. Rep. 145; Johnson v. Wilson, et al, 2 N. Hamp. Rep. 202.]

"An officer *de facto*," says Lord Ellenborough, "is one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law." The acts of a steward *de facto*, he concludes, are good, because the suitors cannot examine his title; but when his authority has notoriously ceased, no such reason obtains. And so of the acts of the under steward after the death of his principal, and the fact is known. [The King v. The Corporation of Bedford Level, 6 East's Rep. 369; Baird v. The Bank of Washington, 11 Sergt. & R. Rep. 411: Vestry of St. Luke's Church v. Matthews, 4 Dess. Rep. 578; Vernon Society v. Hills, 6 Cow. Rep. 23; Charitable Association v. Baldwin, 1 Metc. Rep. 359.]

It is said, that a person by color of election may be an officer *de facto*, though indisputably ineligible; or though the office was not vacant, but there was an existing officer *de jure* at the time. [See Ang. & Ames on Cor. 225, and cases there cited.

Let this view of the law suffice to show, that Carpenter was *at least* a sheriff *de facto*, from the time he received the executive appointment until Caskey again resumed his office, and the fact of resumption became so public as to be known to those who might require the sheriff to act in their behalf. Whether, after the existence of such a state of things, Carpenter could be regarded as a sheriff in fact, is a question which the present case does not require us to determine. He executed the writ on one of the defendants six days before, and on the other twelve days after Caskey was reinstated; this service we think was sufficient, and that the Circuit Court should not have set it aside. Having attained this conclusion, we need not inquire whether, if it had been insufficient, the defendants could have availed themselves of the objection on motion. In Bondurant, et al. v. Buford, 1 Ala. Rep. 359, we said, that whenever an individual has been sheriff for three years, (the time limited by the constitution,) and a successor has been elected, who has taken the oaths, executed the bond required, and is admitted to the discharge of his official duties, the old sheriff cannot be regarded as an officer in fact, or law. This remark was made in reference to the facts of the case

then before us, but we do not say that the acts of the old sheriff would, under such circumstances, be in all cases void. Besides, the remark was a mere *dictum*, and if indefensible, we should not feel bound by it.

The consequence is, that the judgment of the Circuit Court is reversed, and the cause remanded.