## ANDRESS vs. BROUGHTON.

1. A bill of exceptions will be construed most strongly against the party excepting.
2. When the bill of exceptions sets out several distinct charges and refusals to charge on request, and concludes with the words, "to which defendant excepted," the exception will be construed to apply only to the charge and refusal contained in the paragraph immediately preceding it.
3. When an execution comes to the hands of a sheriff after the expiration of his term of office, he has no more authority to levy it than any other private individual; and if he levies upon and sells the defendant's property by virtue of it, he is liable in trover or trespass.
4. In such case, the defendant will not be held to have waived the tort, by being present at the sale and asking a postponement of it, and by requesting the sheriff not to pay over the money arising therefrom to the plaintiff in execu. tion, when it is not shown that he was aware of the want of authority on the part of the sheriff.

ERROR to the Circuit Court of Monroe.

Tried before the Hon. JOHN BRAGG.

TROVER by Broughton against Andress. The bill of exceptions first sets out the substance of the evidence, for which see the opinion, and then the charges of the court, in the following language:

" And the court charged the jury, that this request was not such evidence of the waiver of the tort, as to prevent the plaintiff from bringing this action of trover; and the defendant asked the court to charge the jury, that if Broughton agreed to take the money arising from the sale, he cannot maintain this action. But the court refused to give the charge asked for; but charged the jury, that if the plaintiff agreed to take the money, and it was tendered or paid to him, then he could not maintain this action.

" And the defendant asked the court to charge the jury, that if the plaintiff ever requested the defendant not to pay over the money arising from the sale, it is a circumstance from which the jury might infer that plaintiff admitted that the slave was properly sold, and further, that he thereby waived the tort and looked to the money: which charge as asked the court refused to give, but charged the jury, that the proof as

made was not such evidence of a waiver of the tort as to preclude the plaintiff from maintaining this action.

"And the defendant further asked the court to charge the jury, that if plaintiff requested defendant not to pay over the money received on sale of July, the jury might infer that the plaintiff looked to the money alone to be his, dependent upon the right of the Bank; which charge the court refused, but charged the jury, that if Andress received the execution after his term of office expired, he had no more right to act under it than any other private individual; and if he had acted under it, and sold the property of plaintiff, he was liable in this action, and plaintiff had not lost his right to resort to it by what was shown by the proof to have passed between them.

"To which defendant excepted; whereupon," &c.

The errors assigned are:

1. The court erred in giving the charges shown in the bill of exceptions;

2. In refusing to give the charges as shown by the bill of exceptions;

3. In giving the qualifications to the charges asked;

4. In rendering judgment for the defendant in error.

WATTS, JUDGE & JACKSON, for plaintiff in error:

1. The bill of exceptions shows that the plaintiff in error excepted to the charges given, and also the refusal to give the charges asked. The language used at the end of the bill of exceptions will apply to all the charges given, and to those refused. See Fletcher v. Weisman, 1 Ala., 602. It may be asked, why were the charges asked and those given inserted in the bill of exceptions, if they were not excepted to?

2. The judge undertook to decide what was proved and what it ought to weigh, in the first charge given, and thereby usurped the province of the jury.

3. The charge asked under the third head in the bill of exceptions was a proper one, and ought to have been given; and the court erred in refusing to give it as asked. The qualification given under the same head was certainly assuming to judge of what the whole testimony proved. This should have been left to the jury. And the affirmative charge given

by the court under the fourth point in the bill of exceptions is objectionable for the same reason.

4. The facts proven, viz: that Andress requested twice a postponement of the sale; that he was present at the sale, making no objections; that he afterwards requested the sheriff to hold the money until he could see whether he had paid the debt; that the sheriff had so held the money, are facts which show that no trespass had been committed; or, if committed at all, had been waived by the defendant in error; *volenti non fit injuria.* Broughton consented to the sale, and his request to Andress to retain the money, which Andress did in obedience to his request, at most, only authorized *assumpsit* to be brought for the price brought at such sale.

It certainly was not necessary, as seems to have been supposed by the circuit. judge, for Andress to tender the money to Broughton. It was rather Broughton's duty to demand the money of the sheriff.

WILLIAMS & COCKE, *contra:*

1. The bill of exceptions is construed most strongly against the party excepting. 6 Ala., 801. It is not enough, therefore, to ask charges and make objections; the opinion of the court must be excepted to. Bank v. McDade, 4 Por., 252, vide page 265; Milton v. Rowland, 11 Ala., 740.

2. What is a waiver, where the facts are undisputed, is a question of law. Hill v. Hobert, 4 Shepley, 168; 16 Maine Rep., 168

3. A waiver is an estoppel, and some act must be done by the party resulting in injury or loss to the adverse party. Assignees of Pittee v. Sparrow, 7 Barn. & Cres., 310, 14 E. C. L. R., 50; Brewer v. Brewer & Logan, 19 Ala., 482.

4. Andress, the plaintiff in error, was a trespasser *ab initio ;* and the record does not show that defendant in error had any knowledge he was no sheriff, and Andress is not injured by any acts of plaintiff below.

PHELAN, J.—This was an action of trover, brought by Broughton against Andress to recover the value of a slave named July.

There was evidence "tending to prove" that Andress, who

was sheriff of Monroe from 1843 to 1846, in August of the latter year, and a few days after his term of office had expired, received an execution in favor of the Bank of the State of Alabama against the plaintiff, and levied it on the slave in question, and finally sold him under it in December, 1846; that while Andress had this execution in hand, he was requested by plaintiff to postpone the sale twice, that he might obtain evidence from Tuskaloosa to show that the debt was paid; that plaintiff was present at the sale; that after the sale, and in December, 1846, plaintiff requested Andress not to pay over the money received from the sale of said slave to the Bank; and that Andress had never paid over the money to the Bank or plaintiff, but still holds it.

The court was requested by the counsel for the defendant to give several charges, which were refused, and other charges, different from those requested, were given by the court; but there was no exception taken to them.

The bill of exceptions then contains the following as its closing portion: "And the defendant further asked the court to charge the jury, that if plaintiff requested defendant not to pay over the money received on sale of July, the jury might infer that the plaintiff looked to the money alone to be his, dependent upon the right of the Bank; which charge the court refused, but charged the jury, that if Andress received the execution after his term of office expired, he had no more right to act under it than any other private individual; and if he had acted under it, and sold the property of plaintiff, he was liable in this action, and the plaintiff had not lost his right to resort to it by what was shown by the proof to have passed between them. To which defendant excepted; whereupon, this bill of exceptions is sealed," &c.

We can only notice the charge which was refused, and that which was given, contained in the paragraph immediately preceding the exception. The words, "to which defendant excepted," by the ordinary rules of construction, can only apply properly to the matter of the independent paragraph in immediate connection with them;—their immediate antecedent. To say that the pronoun "which" shall have four or five separate charges and refusals to charge, spread over more than a page, as its antecedent, would not be correct according to

any rule of criticism. But the rule of construction applied to bills of exceptions as against the party excepting, is a strict rule; it is, that they shall be construed most strongly against the party excepting. 4 Por., 252; 11 Ala.; 15 Ala., 18; 6 Ala., 801. Under this rule, we cannot hold that any exception is taken, except to the refusal to charge and the charge given contained in the paragraph immediately preceding the exception.

The rule of law stated by the court, that if Andress received the Bank execution after the expiration of his term of office, it conferred no authority whatever on him to levy upon and sell the property of plaintiff, is correct. After the expiration of his term of office, he became, as to new writs, a mere private individual, and final process coming to his hands, directed to the sheriff, conferred no authority on him for its execution. He had no more right to sell the plaintiff's slave after that time, by virtue of an execution then first delivered to him, than if no such process had existed. Cuthbert v. Tardy, decided at this term. So far as the rights of the plaintiff were concerned, he was a mere trespasser. Peck v. Holcombe, 3 Por., 329.

In an action between third persons, the acts of an officer *de facto* may often have validity, because he acts under color of authority. 7 Ala., 535. But in an action against the officer himself, the lawfulness of his action must depend upon his actual right to exercise the power which is claimed. He must be an officer *de jure*, and armed with a lawful precept. 7 Ala., 578. If he sells under process before or after the time prescribed by law, (4 John., 450 ;) if he levies process out of his county, although he may sell it within, (3 Dana, 489 ;) he is liable to trespass at the suit of the injured party. When sued in trover or trespass, an officer, to justify, must show a process valid in law, and that he executed it pursuant to law. It is true, if he levies an execution, not valid, or not at a proper time, upon the goods of the defendant, he may show in mitigation of damages that the money has been paid in satisfaction of judgment against the plaintiff, but in mitigation only. 6 Mass., 20; 4 Harrington, 303.

It nowhere appears from the bill of exceptions, that the plaintiff was aware of this tort, at the time he requested the defendant to postpone the sale and not to pay over the money.

Even then, if these things could conduce to show that he had waived the tort, had it been also shown that he knew defendant had no authority to sell, it will not do to hold, that he waived a tort of which he was in fact ignorant at the time. It must always appear that a man has knowledge of a thing, before he can be construed to act in reference to it. So here, as it is nowhere shown that plaintiff knew that the process under which defendant sold his slave gave him no lawful authority to make that sale, his being present at the sale, his asking a postponement of it, or that defendant would delay paying over the money to the Bank, cannot show, nor conduce to show, a waiver of the tort on the part of the plaintiff.

We find no error in the charge of the court, and the judgment is affirmed.