## CROFT *vs.* FERRELL ET AL.

1. Where *ex parte* proceedings are instituted in the Court of Probate against an executor, administrator or guardian, who has removed beyond the jurisdiction of the court which granted him letters without settling his accounts, although it is necessary that the record should show the facts which invest the court with authority to state the account, yet it is immaterial whether the facts are proved before or after publication; from the time of the application, until the action of the court in stating the account, the proceedings are to be regarded as *in fieri*, and the authority on which the final action is based may be proved at any time before such action is had.

2. Where the account is stated and reported for allowance at the next term of the court, at which term, on account of there being no judge qualified, the proceedings are irregularly continued to the next term, the appearance of the guardian to the motion against him for the allowance of the account, and his failure to object to it on account of such irregular continuance, is a waiver of it, and places him rightly in court, even if the irregular continuance amounted to a discontinuance of the proceedings.

3. To authorize an appellate court to revise the decision of an inferior tribunal in relation to the admission or rejection of evidence, the bill of exceptions must show that such decision was excepted to during the trial of the case.

4. Where the bill of exceptions, after reciting the ruling of the court on another point and the defendant's exception thereto, stated that the defendant then offered certain evidence, and concluded thus: "The court refused to receive the testimony as offered by defendant. The defendant prays the court to sign and seal this, his bill of exceptions to the ruling of the court, which the court now signs," &c. *It was held:*

    That the bill of exceptions did not show that any exception was taken during the trial of the cause to the ruling of the court in excluding the testimony; and that the words of exception used in the conclusion of the bill must be construed to refer to the previous ruling of the court, to which the body of the bill showed that exception was taken.

ERROR to the Court of Probate of Chambers.

On the 13th of August, 1849, the defendants in error, who are the heirs at law of John Ferrell, deceased, moved the Court of Probate to state an account against the plaintiff in error, who was their guardian. The decree stating the account then proceeds as follows: "And it appearing to the court, that, at a regular term of the Orphans' Court of said county, the said heirs at law of the said John Ferrell, deceased, made application in writing for a notice by advertisement to be given to the said Edward Croft, guardian as aforesaid, by publication

in the "Chambers Herald," a weekly newspaper published in said county, requiring said Croft, guardian as aforesaid, to file his accounts and vouchers for a settlement of said estate at this term of the court; and it appearing to the court, that the said Croft, guardian as aforesaid, before the filing of said notice, had removed beyond the jurisdiction of this court, which granted said letters of guardianship to him, and that notice was given to said Croft, guardian as aforesaid, by advertisement made in said "Chambers Herald" for more than three months before this term of the court, requiring him to file his accounts and vouchers for a settlement; and it appearing to the court, that the petitioners for said notice are the heirs at law of said John Ferrell, deceased, and that they are all now of the age of twenty-one years, and that the said Croft was appointed guardian by the judge of this court, and having failed to file his accounts and vouchers for a settlement of said estate, the judge of this court proceeded to state an account against him," &c.

The decree then sets out the account as stated, and makes the usual order of publication, requiring said guardian to appear on the second Monday in October, 1849, and file his accounts and vouchers for a settlement, and notifying him, that, if he made default, the account as stated would be reported for allowance.

The record shows, that, at the said October term of the court, the proceedings were " continued until the second Monday in November next, there being no judge qualified." At the November term, the defendants in error moved the court to report for allowance the account as stated in the decree of August 13; but the plaintiff in error appeared by his attorney, and contended, that the record showed "that the said judge had no jurisdiction or right to render said decree or judgment upon said account so stated by him. In this the court overruled the defendant, and he excepted."

"The defendant then moved the court to open said decree or judgment upon the account so stated, because the facts set out in said decree were not true; and, in support of his motion, offered to prove that no such publication as is stated in the decree was in fact made." * * * "The court would not permit the defendant to make any of the above proof, and

ruled, that the decree or judgment so made was conclusive of every fact contained in the same, and that the record could not be contradicted by such proof. The defendant then offered to prove that there was no publication in any paper, except the publication made in the "Chambers Herald" in the fall of 1847. The court refused to receive the testimony as offered by the defendant. The defendant prays the court to sign and seal this, his bill of exceptions to the ruling of the court, which the court now signed and sealed," &c.

The errors assigned are:

1. The court below erred in rendering the final decree shown in the record;

2. The court erred in not entering judgment pronouncing the proceedings discontinued;

3. The court erred as shown in the bill of exceptions.

RICE and ALLISON, for plaintiff in error:

1. The judge of the Orphans' Court, in 1849, had no power or jurisdiction to cause notice to be given by publication in a newspaper to a guardian, until it was proved to him, or made to appear to him in some manner, not only that the guardian had removed beyond the jurisdiction of the court, but that he had done so "without having settled his accounts as such guardian." Although it might appear that the guardian had removed out of the State, still, if he had settled his accounts before such removal, the judge had no jurisdiction to order such publication in a newspaper. But before the judge could acquire, or possess or exercise any such power, it was essential that the record should show, that it appeared to the judge that the guardian had removed "without having settled his accounts as such guardian." Clay's Dig. 230, § 47; 3 Phil. on Ev. 1002, citing Ladbroke v. James, Willes, 199; Allison v. Hampton, 11 Hump. 71; Small v. Pennell, 31 Maine, 267; Denning v. Corwin, 11 Wend. 651.

2. When the order for such publication does not show that the guardian has removed "without having settled his accounts as such guardian," an appellate court cannot intend that he had not settled his accounts, and that it did appear to the court below that he had not settled his accounts. If it be a fact that he had not settled his accounts before he re-.

moved, it is a jurisdictional fact, and cannot be supplied by intendment. The proceedings of the court subsequent to the order of publication, cannot be looked to for the purpose of aiding or supplying this defect, for if the power to give the notice is not shown by the record to have existed at the time the publication was ordered, all the subsequent proceedings are irregular and void. Harvey v. Huggins, 2 Bailey, 252; Bishop's Heirs v. Hampton, 15 Ala. Whenever the law authorizes the constructive notice, great strictness is required, and it must be shown to have been given precisely as the law required.

3. The non-existence of a jurisdictional fact may be shown by parol evidence, even in opposition to the recital of such fact on the record. 3 Phil. on Ev. 800–801; Harvey v. Huggins, 2 Bailey, 252, 267.

It was clearly erroneous to refuse to hear the evidence offered by plaintiff in error, in the court below. Especially was it erroneous to refuse to allow plaintiff in error to prove "that there was no publication in any paper, or otherwise, except the publication made in the Chambers Herald, in the fall of 1847." The publication in the Chambers Herald, in the fall of 1847, was made long before this case was reversed in the Supreme Court, and cannot, therefore, make valid any decree rendered since such reversal. Terrell v. Croft, 15 Ala. 652.

The plaintiff in error moved the court to open the account stated by a former judge, upon grounds stated on page 10 of the record, and "offered to prove by the editor and publisher of said paper, that no such publication was made in said paper, requiring said Croft, guardian, to appear before said Orphans' Court, at the August term, 1849, as set out in said decree." This proof was erroneously rejected.

4. The Orphans' Court had no terms of court fixed by law, except the semi-annual terms of the County Court. Westmoreland v. Hale, 11 Ala. 122. Therefore, whenever notice or process was made returnable to that court on a return day fixed by the judge, and on such return day there was "no judge qualified," (as in this case,) the proceeding was thereby discontinued. There being no judge, there could not be a continuance by the clerk, who is not a judicial, but a mere

ministerial officer; and the law itself does not continue such summary proceeding in such a court: a court whose terms were not fixed by the law. Armstrong v. Robertson, 2 Ala. 164; Drinkard v. The State, 20 Ala.

Where the law itself fixes the terms of a court, and there is no judge at a particular term, it may be that the law itself will continue cases pending to the next succeeding term fixed by the law, of which term so fixed the law charges parties with notice. But where the law itself does not fix the terms of the court, and there is no judge on the return day of notice or publication for a summary proceeding, the law cannot and does not continue such summary proceeding. There is no day or term to which the law could continue it; and a continuance by the law would be indefinite and uncertain, and to a period of which the parties could not be charged with notice. The proceeding is thereby discontinued, and must be commenced *de novo*, and notice given.

No counsel for defendants in error.

GOLDTHWAITE, J.—From an examination of the bill of exceptions in this case it appears, that no exception was taken to the ruling of the court below, except upon the single point as to the question of jurisdiction, arising upon the decree rendered on the 13th of August, 1849.

The act of 1843 provides, that "whenever any person to whom letters testamentary, of administration, or guardianship shall have been granted by any Orphans' Court of this State, shall have removed beyond the jurisdiction of the court granting said letters, without having settled his accounts as such executor, administrator or guardian, the judge of said court may, upon the application of any person interested, cause notice to be given, by advertisement in some newspaper published in this State, requiring said executor, administrator or guardian to file his accounts and vouchers for settlement, at a regular term of said court to be holden not less than three months from the date of such notice; and if the said executor, administrator or guardian shall fail to appear and file his accounts and vouchers for settlement, it shall be the duty of the judge of said court, to state an account against

said executor, administrator or guardian, charging him with such amounts as shall appear, upon the best information, to have come to his hands, as such executor, administrator or guardian, and proceed to settle and decree upon the same, as is now required by law." Clay's Dig. 230, § 47.

The only object of the notice required by the statute, is, to bring the executor, administrator or guardian, who had removed beyond the jurisdiction of the court which granted the letters without settling his accounts, before the court; and although it is necessary that the record should show the facts which invested the court with the authority to state the account, we regard it as wholly immaterial whether the existence of those facts was proved before or after the publication. From the time of the application, until the action of the court in stating the account, the proceedings are to be regarded as *in fieri*, and the authority on which the final action is based may be proved at any time before such action is had. In the present case, the record shows that, at the time when the order for publication was made, the guardian had removed beyond the jurisdiction of the court which granted the letters of guardianship; and in another part of the record, it appears, that he had not filed his accounts and vouchers for a settlement. The principal act of the court to which the statute we have cited refers, is, the stating of the account, with the view to its future allowance, and all the requisites upon which the jurisdiction of the court depends, or its authority to do this act rests, appear from the record to have been established by the evidence before its performance; and this being the case, the jurisdiction of the court in stating the account was complete.

2. The decree, after stating the account, directs publication to be made, requiring the plaintiff in error to appear at a court to be held on the second Monday in October; at which day, there being no judge qualified, it was continued until the second Monday in November next. Conceding that this entry was void, as not being the act of the court, and that a discontinuance was the result of the failure to continue the proceedings over to another term; yet we think that the appearance of the plaintiff in error, on the second Monday in November, 1849, to the motion against him for the allow-

ance of the account on that day, and his failure to object to the motion on that ground, operated as a waiver of the discontinuance, and placed him rightly in court. Wheeler v. Bullard, 6 Por. 352.

The refusal of the court to allow the evidence offered, cannot be considered, as it does not appear from the bill of exceptions that it was excepted to.

The judgment is affirmed.

NOTE.—The plaintiff in error having petitioned for a rehearing in this case, the following opinion was afterwards delivered:

PER CURIAM.—In this case, an application is made for a re-hearing, on the ground that this court erred in the conclusion to which it arrived, that the decision of the court below rejecting the evidence offered by the plaintiff in error, for the purpose of proving that the recitals of facts in the decree rendered on the 13th of August, 1849, were untrue, was not excepted to, so as to authorize its consideration by this court.

The rule is, that, to authorize an appellate court to revise the decision of an inferior tribunal in relation to the admission or rejection of evidence, the bill of exceptions must show that such decision was excepted to during the trial of the case. Walton v. The United States, 9 Wheat. 651. The bill of exceptions in the present case shows, that the objection made by the plaintiff in error, which has been already considered by the court, was overruled and an exception taken thereto. This is recited in the body of the bill, and of course is to be considered as a statement of the facts as they occurred on the trial. It then continues thus; "The defendant then moved the court to open said decree or judgment upon the account as stated, because the facts set out in said decree were not true; and, in support of his motion, offered to prove, that no such publication as is stated in the decree was in fact made," and several other facts, all conducing to establish that the recitals in the decree were untrue. The bill of exceptions then states, that "the court would not permit the defendant to make any of the above proof, and ruled, that the decree or judgment so made was conclusive of every fact contained in the same, and that the record could not be

contradicted by such proof. Defendant then offered to prove, that there was no publication in any paper, except the publication made in the "Chambers Herald" in the fall of 1847. The court refused to receive the testimony as offered by the defendant. The defendant prays the court to sign and seal this, his bill of exceptions to the ruling of the court, which the court now signed and sealed," &c.

It will be remarked, that there was one point decided against the plaintiff in error which is shown to have been excepted to, as is to be inferred from the language of the bill of exceptions, at the time the decision was made; and the words, "to the ruling of the court," in the prayer of the bill, we think, refer to the ruling of the court which is shown in the body of the bill to have been excepted to. The prayer of the defendant below, "that the court sign and seal this, his bill of exceptions," &c., must be referred to the act which he asks to be done, which is the signing and sealing of the bill; and although it might show that the party excepted to the ruling of the court at the time it was presented, it does not, of itself, and in the absence of any recital to that effect in the body of the bill, show that the exception was taken during the trial. The rule is, that writings of this character are to be construed most strongly against the party taking them, (Patton v. Hayter, 15 Ala. 18); and as the act of 1844, by clear implication, authorizes bills of exceptions to be taken at any time during the term, (Acts 1844–5, page 5,) and in the great majority of cases they are not presented until the trial is over, we cannot, in the present case, presume that the contrary practice was pursued, and that it was presented during the trial.

But we think that the words which are principally relied on by the counsel for the plaintiff in error, "to the ruling of the court," are superfluous where they are found in the prayer of the bill. All bills of exception are to the ruling of the court, and the insertion of these words in the place where they are found adds nothing to the force and effect of what precedes them, and does not in any wise change the construction of the words previously used.

The application must be denied.