## SAMMIS vs. JOHNSON.

1. The Appellate Court can only consider such questions as are raised by spe·cific exceptions to each ruling of the court below, in the progress of the cause; and in construing the bill of exceptions, for the purpose of ascertaining what was or was not excepted to, it will be construed most strongly against the plaintiff in error.

2. When the bill of exceptions sets out several distinct rulings of the court adverse to the plaintiff in error, in the rejection of evidence and the rendition of judgment, and concludes with the words: "To which defendant excepted," the exception will be construed to apply only to the ruling of the court immediately preceding it.

ERROR to the Circuit Court of Choctaw.

Tried before the Hon. JOHN BRAGG.

This was an action commenced by the defendant in error against the plaintiff in error, before a justice of the peace in Choctaw county. The justice gave judgment for the defendant, and the plaintiff appealed to the Circuit Court. On the trial in the latter court a judgment was rendered against the plaintiff in error for five dollars. A bill of exceptions was allowed at the trial, which is substantially as follows:

"The proof was, that the defendant was one of the securities on a penal bond executed to plaintiff by one ——, in the sum of twenty-five dollars; that the condition of the bond was admitted by defendant to have been broken, and the defendant thereupon promised to pay plaintiff one half of the amount of damages he had sustained on account of the same; on which promise the suit was brought. The plaintiff further proved, that the amount of damages sustained was ten dollars. The defendant then offered to prove, that in a settlement with the security Bryan, Bryan had paid plaintiff twelve $\frac{50}{100}$ dollars, on account of his supposed liability on the bond; to which plaintiff's counsel objected, and the objection was sustained.

On this evidence, the court gave judgment against the defendant for five dollars, to which defendant excepted; whereupon this bill of exceptions is sealed," &c.

From this judgment the defendant prosecutes his writ of error to this court, and here assigns for error:

1. The rejection of defendant's testimony.
2. The rendition of judgment for plaintiff below.

JAMES O. WILLIAMS, for plaintiff in error.

R. H. SMITH, *contra.*

GIBBONS, J.—The first point to be settled on this bill of exceptions is, what questions are properly presented by it for our decision? The court below excluded certain evidence offered by the defendant, and that is one of the errors here assigned. But it does not appear that the defendant excepted to this ruling of the court, except by implication; and the question now is, whether we can here consider it. This is not an open question in this court. The repeated decisions upon it, with which we are fully satisfied, prevent us from its further discussion. We can only regard such questions as are raised by specific exceptions to each ruling of the court below in the progress of the cause; and in the construction of the bill of exceptions, for the purpose of ascertaining what was or was not excepted to, we will construe it most strongly against the party excepting.

It is contended, that the pronoun "which," in the phrase "*to which the defendant excepted,*" in the last paragraph in the bill of exceptions, relates back to the previous ruling of the court against the defendant on the testimony offered by him; but we are not more at liberty to give it that construction. In the case of Audress v. Broughton, 21 Ala. 200, this precise question arose, and this court decided against the construction here contended for. See also the case of Croft v. Ferrell et al. 21 Ala. 351. From these decisions we are not disposed to depart, how much soever they may seem to conflict with the case of Fletcher v. Wilson, 1 Ala. 602.

The judgment of the court below on the proof before it, as set out in the bill of exceptions, we think was correct, and it is consequently affirmed.