Ashburn, J.
The objection to the competency of Mary A. Green as a witness, based on the facts of coverture, is not well founded. As shown by the bill of exceptions, her testimony was in relation to facts within her own knowledge, and discloses nothing that can be considered confidental communications made or acts done, springing out of the marriage relation, and which would, by reason of that relation, have been excluded at common law.
The statute (67 Ohio L. 113, 114), made her a competent witness, except as to communications made between husband and wife during coverture, or acts done by either in the presence of the other during that time. When, however, such communications are made, or acts done in the known presence, hearing, or knowledge of a third person competent to be a witness, husband and wife become competent witnesses in respect to them. Communications and acts, at common law privileged, are no longer so when made or done in the presence of such third person.
On cross-examination of Mrs. Green, defendant put the question: “Do you not contemplate obtaining a divorce from your husband when this suit is over.” To this plaintiff objected, the objection was sustained, and defendant excepted to the ruling of the court.
The question and exception fail to disclose what the exceptor expected to prove by the witness, or that the response to the question would have disclosed evidence material, the exclusion of which was prejudicial to the party excepting. It has been ruled in this state as often as the question has come before the Supreme Court, that an exception to the overruling of questions in the form here made is insufficient. Where a question is asked of a witness which is objected to and rejected, the party taking an exception to the ruling should bring, upon the record, a statement of what is proposed or expected to be proved by the rejected testimony, and this must appear to be something material, the rejection of which as evidence would be prejudicial to the party excepting. 6 Ohio St. 294, 295 ; 9 Ohio St. 1; 11 Ohio St. 114; 17 Ohio St. 628; 19 Ohio St. 573; *448 26 Ohio St. 371; Stull v. Wilcox, 2 Ohio St. 570. The rule, in civil and criminal cases, is the same. The proposed question which indicates the matter proposed to be proven, was not proper cross-examination, therefore, not subject to the rule that a party need not, on a legitimate cross-examination, disclose what he proposes to prove by the question.
W. W. Carnahan, a witness called by plaintiff, on cross-examination, answered-:
“Never have seen Mr. Green drink any thing but cider. Defendant kept a grocery, and kept tea, coffee, sugar, etc., for sale.”
Re-examination : Plaintiff's attorney asked witness what else defendant kept — if he did not keep intoxicating liquors for sale; to which defendant’s counsel objected, and the court overruling said objection, and allowing such proof, defendant excepted. Witness, in reply to the question, stated: “ Have been in the back room. Bean kept ale, beer, eider, and wine. Never saw whisky sold by the glass. Had cherry wine. Have bought whisky by the bottle.”
Defendant having put in evidence that he kept a grocery, where he had tea, coffee, etc., for sale, it will be presumed he did so for some purpose beneficial to himself. Perhaps to show, what the testimony would tend to prove, that, at his place of business, he kept no intoxicating liquors. To rebut any such presumption it was clearly competent for plaintiff, on re-examination of the witness, to show that defendant both kept and sold intoxicating liquors at his grocery. It was competent for Bean to show, that during the time he was charged with unlawful sales to Green, he had no intoxicating liquors at his grocery, or elsewhere, to sell or give away. He having, without objection, introduced testimony of that tendency on cross-examination of plaintiff’s witness, it was competent for plaintiff, on the reexamination of the witness, to rebut the tendency of such testimony by showing that defendant both kept and sold intoxicating liquors at his grocery.
Plaintiff' called W. Farrell, as a witness, who testified:
“ Have known Charles Green five years. Have seen him *449 very frequently. Have seen him at defendant’s one-half dozen times. Always in good condition to work. Have seen him when he felt a little, perhaps, the influence of some drink. Perhaps more than once. Have heard him call for whisky at Bean’s. Have heard him call for cider, beer,, and wine. Got what he called for, I believe. I tasted the-wine. Question: ‘What was this wine?’ Witness said, he didn’t consider himself a judge, and had not the means' of kn vwing, and thereupon defendant’s counsel objected,, and the court overruling said objection, defendant excepted, and witness, in reply to the question, said he thought it ■was whisky. He called it whisky.”
The Ohio liquor law recognizes the fact that it is possible for persons engaged in the unlawful sale of intoxicating liquors, to resort to shifts and devices to evade the provisions of the statute. One of the common devices is to give to, and sell the intoxicating liquor by some fancy name, which being understood by the vendor and purchaser, answers all the purposes of calling it by its ordinary commercial name. Where whisky has received the name of wine, it is competent to ask the witness what the article, sold as wine, was in fact. If the witness hesitates, or evades a direct answer, which he probably will, his opinion is frequently the best evidence the case affords. Where the witness manifestly desires to evade a direct answer as to the true name and quality of the liquor, and says he does not know or is not a competent judge, he may be pressed for an answer. We think the court ruled correctly.
Alva Hurtle, a witness called by defendant, ' on cross-examination, was asked by plaintiff:
“ How often have you seen Charles Green drink at defendant’s?” Objected to by defendant’s counsel. Objection overruled by the court, to which ruling and admission of said testimony, defendant excepted. Witness, in answer to said question, testified: “ In the course of three or four years, probably have seen Mr. Green drink at defendant’s *450 a few times. I think a man is drunk when he staggers or gets down.”
The objection was based on the ground that plaintiff could not, by the rules of law, introduce matter in chief on cross-examination. The extent to which the examination of a witness may be carried on cross-examination rests largely in the sound discretion of the court. Where that discretion is xxot abused to the substantial prejudice of the objecting party, its exercise affords no ground for error. See S. & S. 552, subdivision 4 of section 266 of the civil code. In the case of The Philadelphia & Trenton Railway Co. v. Simpson, 14 Pet. 448, it was held that the cross-examination must be coufmed to the facts and circumstances connected with the matters stated in the direct examination of the witness. In the case of Moody v. Rowell, 17 Pick. 490, 499, a different rule was recognized and acted on.
In Legg v. Drake, 1 Ohio St. 286, it was held, “ Where a witness is produced and examined by a party in an action, even though he be interested to testify against the party calling him, the other party is not limited, in his cx’ossexamination, to- the subject-matter of the examination in chief, but may cross-examine as to all matters pertinent to the issue on trial; limited, however, by the rule, that a party can not, before the time of opening his own case, introduce his distinct ground of defense or avoidance, by the cross-examination of his advex'sax-y’s witness.”
The order in which, and the time when, he may introduce his evidence on the trial of a cause must, as before stated, to a great extent rest in the discretion of a court having in view the purposes of justice. The plaintiff’s case was before the jury, and the testimony admitted over defendant’s objection, was only cumulative oil the point. In its admission we discover no abuse of discretion on the part of the court, nor wherein defendant was- materially prejudiced.
A. Green was called as a witness by plaintiff. It was proposed to prove by this witness, among other things, *451 that the defendant sold intoxicating liquors to Charles ■Green after the petition herein was filed, and the summons served upon him, to which defendant’s counsel objected. Whereupon the court overruled said objection, to which holding and decision of the court defendant’s counsel excepted. The court thereupon cautioned the jury that no testimony of this kind could go to constitute plaintiff’s cause of action.
In relation to this class of evidence the court afterward instructed the jury as follows: “I have allowed testimony to be given to you tending to show that defendant has sold intoxicating liquors to Charles Green since the commencement of this suit. If you find, from the proof, that since ■the commencement of this proceeding the defendant, Bean, has sold intoxicating liquors to Charles Green in violation •of law, that would afford no ground whatever for a recovery on the part of the plaintiff; but, if you do find that the plaintiff ought to recover for intoxicating liquors sold to her husband during the four years previous to the beginning of this suit, you have a right to consider the fact that it has been repeated, and the unlawful sale to him indulged in since its commencement, for the purpose of throwing light upon the mind of the defendant at the time he sold said liquors to Charles Green during the four years prior to plaintiffs filing her petition ; you have a right to consider it in aggravation of her damages, or as a reason why they .should or may be increased You can not found her right to recover upon any such sales, but the most you can do would be to increase her recovery by way of exemplary damages for such sales, if she is otherwise entitled to a verdict.”
The statute giving this right of action (67 Ohio L. 102), contemplates that the injured party may recover a compensation, in the form of damages, for the injury occasioned to her means of support, resulting from the unlawful acts of defendant. Also, that the transgressor be punished by an assessment of exemplary damages against him. The jury may award exemplary damages, under *452 this statute, without any proof specially showing such damages. The policy of the statute being to provide punishment, by both criminal and civil proceedings, that will most effectually prevent the evils arising from the unlawful sale of intoxicating liquors. An assessment of punitive damages, in favor of a wife, entitled, by the proofs, to compensatory damages, is a mode provided by the law to-prevent an evil.
There can be no reasonable doubt, that where a defendant who has notice of an action against him, that plaintiff' claims to have been injured, in her means of support, by unlawful sales, by him, of intoxicating liquors to her husband, shows a wanton disregard of her rights, by continuing to debauch her husband, by selling him intoxicating liquors after such notice, proof of such fact may be given, to enhance the exemplary damages. In this case, the court, by carefully-guarded limitations, hedged in the use of the testimony so that the jury could not have mistaken .its application.
Did the court err in saying to the jury: “If you find that the defendant sold Charles Green intoxicatiug liquors within the period mentioned in plaintiff’s petition, while said Green was intoxicated, that would be an unlawful sale, for which plaintiff could recover in this action, provided you find for plaintiff' on the other essential points to which your attention has been, and will be, called.”
We can not answer in the affirmative, for the reason that we are unadvised as to what other instructions the court gave, in connection with this, before and after. The instruction clearly indicates that some others were given in connection with it, and, we may reasonably presume, upon the same subject-matter, so that any vice that might be in the charge, standing alone, was removed by the whole charge.
It is an uncontroverted rule of construction, that when bills of exception will admit of more than one construction, they will be most strongly construed against the party excepting. Perminter v. Kelly, 18 Ala. 716; Andress v. *453 Broughton, 21 Ala. 200. The bill of exceptions, in this case, failing to bring upon the record these portions of the charge referred to, and we presume explanatory of it because referred to, the exception is imperfect, and in that case the legal presumption is in favor of the general correctness of the whole charge and the validity of the judgment. In this state of the record we deem it unnecessary to enter upon a consideration of the question, whether the instruction is sound as a single proposition. We are not prepared to pronounce it clearly erroneous. It was within the discretion of the court, under the provisions of section 137 of the code, to allow the petition, after verdict, to be .amended by inserting another allegation material to the •case. The amendment made by plaintiff’ did not change •substantially the plaintiff’s claim. In was in conformity to the proofs as they appear of record, and we will presume the amendment was in harmony with all the evidence in the case.
Considering the whole record, we are of opinion the court of common pleas did not err in overruling defendant’s motion for a new trial.