### GARNER v. CLAY, et al.

Service of process by the sheriff elect, (before he was qualified,) as the deputy of his predecessor, after the term for which he was elected has expired, is valid.

DEBT in the Circuit Court of Limestone county by defendants against plaintiff in error. The writ of capias was returned "Executed 7th October, 1822. James Slaughter, sheriff, by Ruffin Coleman, deputy sheriff." Garner plead in abatement that the writ was not executed by the sheriff, or any other lawful officer of said county, and that Slaughter was not, at the date when it purports to have been executed, the sheriff of said county. Issue being taken thereon, on the trial it was admitted by the parties that, on the third Monday in September, 1819, James Slaughter was elected sheriff for the term of three years, but did not qualify or take upon himself the office, until January, 1820, until which time the sheriff appointed under the territorial government continued to act; that on the first Monday in August, 1822, Ruffin Coleman was elected sheriff, and qualified in November, 1822, until which time said Slaughter continued to act as sheriff.

The Court instructed the jury that the sheriff could lawfully execute the duties of his office for three years

from the time of his giving bond, qualifying, and taking the duties of the office upon himself, and until his successor should take upon himself the duties of the office ; to which the defendant excepted. Verdict and judgement for the plaintiffs.

Garner assigned that the Court erred as stated in the bill of exceptions.

COALTER, for plaintiffs in error, cited the Constitution of the State, art. 4. sec. 24.

M‘KINLEY and HOPKINS, for defendants in error.

JUDGE CRENSHAW.

THERE can be no doubt but it is the election which gives title to the office, and from that period the term of office commences, although the sheriff elect cannot act until he has given bond and qualified according to law. But as between the parties to the suit, (in order that there may not be a chasm in the administration of justice,) we are *inclined to* recognize the principle that the acts of a sheriff *de facto* are valid. When the writ was executed, Coleman, by virtue of his election, was entitled to the office, yet Slaughter originally came into the office by a lawful title, and continued to perform its duties, and Coleman, the person most interested in complaining, acted as his deputy. As to the public, and between the parties to the suit, we must say, that under these circumstances, the service of the writ was not void, and are unanimous in affirming the judgement.

JUDGE GAYLE not sitting.