## CUTHBERT, ADM'R. *vs.* HUGGINS ET AL.

1. The securities of a sheriff are not responsible on their bond for money received by him on an execution which came to his hands after the expiration of his term of office and before his successor was qualified, although during the interval he was sheriff *de facto*.

2. The fact that the execution was issued on a forfeited forth-coming bond, which had been taken under a levy made on a former execution, which had come to the sheriff's hands before the expiration of his term of office, does not affect the case.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. L. GIBBONS.

George Huggins was duly elected sheriff of Mobile County on the first Monday in August, 1846. On the 11th day of that month he was duly qualified, and entered upon the discharge of the duties of his office, having executed his official bond, with the defendants in error as his securities. On the 16th of August, 1849, a writ of *fieri facias*, on a forfeited forth-coming bond, in favor of the plaintiff in error against one Oswald, came into his hands, and he received the money thereon on the 22nd August, 1849, which he failed to pay over on demand.

On the 22nd January, 1852, the plaintiff in error caused a notice of motion to be duly served on the securities, setting forth that he would move for judgment against them, for the default of the sheriff, for the sum collected and retained by him, with interest, and damages, at the rate of five per cent. per month, from the time the money was demanded.

To this notice, the defendants pleaded, that Huggins received the *fi. fa.*, on which the money was made, after the expiration of his constitutional term of service. To this plea the plaintiff replied, that when the execution was issued and delivered to Huggins, and also when the money was received by him, his successor in office had not entered upon the discharge of his duties as sheriff, and that Huggins continued to act as such. To this replication the defendants demurred, and their demurrer was sustained by the court. From the judgment of the court on the demurrer, the plaintiff sued out

a writ of error to this court, and that judgment is here assigned for error.

CUTHBERT, for plaintiff in error.

BOYLES, contra.

LIGON, J.—By the twenty-fourth section of the third article of the Constitution of this State, the term of the office of sheriff is limited to three years, and he is rendered ineligible to the immediately succeeding term, and disqualified from acting as the deputy of his successor. It was evidently designed to separate him entirely from the duties of the office at the expiration of his own term.

It has been held, however, that until his successor is qualified, he is sheriff de facto, with respect to process coming into his hands after the legal expiration of his own term, and sheriff de jure in respect to writs of execution which came to his hands, and were levied, before his term expired. Bondurant v. Buford, 1 Ala. 359; 7 ib. 535; 7 Humph. 447.

In the present case, the term of Huggins had expired before the writ of fi. fa. came into his hands, so that he received it as sheriff de facto, and not de jure. This view of the case is in no wise affected by the fact, that this was an execution on a forfeited forth-coming bond, which had been taken under a levy made by Huggins on a former execution on the same judgment. On this fi. fa. there are new parties defendant, which were not in the former judgment, and the writ itself may be regarded as original, so far as the office judgment on the forth-coming bond is concerned.

A sheriff de facto is the creature of necessity; and is an officer without sureties. For certain purposes, and as to certain persons, his acts will be upheld; but his defaults cannot be visited upon those who were his sureties for the regular term for which he was elected sheriff, and whose liability can not be extended by any just interpretation of the condition of their bond, to acts done after that term has expired, unless they concern such writs of fi. fa. as he had levied within the term.

There is no error in the record, and the judgment must be affirmed.