# HARRIS' HEIRS *vs.* HARRIS' ADM'R.

[MOTION TO DISMISS APPEAL, &c.]

1. *Certificate to transcript; by whom given.*—When the final certificate, appended to a transcript, purports to be signed by the probate judge of the county, the transcript will not be struck from the files on motion, on the ground that the officer giving it is not in fact the probate judge; the right to an office cannot be determined on such a motion.

2. *Citation; form, service, and return of.*—A citation on appeal (Code, § 3018) may be in the form of a notice, addressed to the appellee, and must be executed by the sheriff, and returned by him to the officer by whom it was issued; and the original citation, with the return of service endorsed thereon, may be forwarded to the appellate court, with the transcript, though the better practice is to copy it into the transcript, (Code, § 3022,) as a part of the "proceedings in the cause."

APPEAL from the Probate Court of Sumter.

IN the matter of the final settlement of the accounts and vouchers of Socrates Parker, as administrator of the estate of Henry H. Harris, deceased. Letters of administration on said decedent's estate were granted to said Parker, by said probate court of Sumter, on the 13th October, 1862; and the settlement was made on the 8th October, 1866. On the settlement, numerous exceptions were reserved to the rulings of the probate court, both by the widow, and by the infant distributees; by whom the appeal was sued out, and errors assigned jointly and severally. The appeal was sued out on the 19th October, 1866, returnable to the January term, 1867; but, a complete transcript not having been filed, the court awarded a *certiorari*, on motion, to perfect it. The bill of exceptions, the certificate to the first transcript, and the citation to the appellee, were signed by George B. Saunders as probate judge; while the final certificate to the transcript returned in obedience to the *certiorari*, which was dated the 28th May, 1867, purported to be signed by "James A. Abrahams, judge of the probate court of Sumter county." The first transcript contained a copy of the citation to the appellees, (which was in the form of a notice, addressed to them or their attorneys,) with the sheriff's endorsements thereon; while the original citation, with its endorsements, was made a part of the return to the *certiorari*.

On these facts, the appellee moved, at this term—1st, to strike from the file the transcript returned in answer to the *certiorari*, "because said Abrahams is not, and was not at the time of signing the certificate, the judge of said probate court; and because said certificate is not according to law; and because said transcript was not filed within the

time prescribed by law. And in this connection, he moves—2d, that the former order of this court, made the 13th February, 1867," (docketing the cause, and ordering a *certiorari*,) "be set aside, and dismissed; also, (3d,) to dismiss the appeal, on the ground that no citation, such as is required by law, was issued and served, and because the appeal was not prosecuted to the return term."

W. M. BROOKS, and THOS. B. WETMORE, for the motion.
RICE, SEMPLE & GOLDTHWAITE, *contra*.

PER CURIAM.—A motion is made in this case, "to strike from the file the transcript, the certificate to which is signed James A. Abrahams, judge of the probate court of Sumter county, on the ground that said Abrahams is not, and was not at the time of signing the certificate, judge of said probate court." This motion is overuled. One sufficient reason for overruling it is, that the right to the office cannot be determined on this motion, and that we must recognize as valid the certificate of the acting judge. *Spradling v. State*, 17 Ala. 440; *Sprowl v. Lawrence*, 33 Ala. 674; *Heath v. State*, 36 Ala. 273; *Garner v. Clay*, 1 Stewart, 182; *Mayo v. Stoneum*, 2 Ala. 390; *Bondurant v. Buford*, 1 Ala. 359; *Flournoy v. Clements*, 7 Ala. 535; *Cuthbert v. Huggins*, 21 Ala. 349.

2. A motion is made to dismiss the appeal, because the citation is not conformable to the statute. We would not dismiss an appeal, on account of the absence or illegality of a citation. But we deem it proper to pass upon the sufficiency of the citation. The citation is in the form of a notice, addressed to the appellees, and is certainly not objectionable on that account; for such a notice is within the definition of a citation. It is contended, however, that the citation is required to be *made* returnable to the supreme court, by section 3018. The object of that section, in declaring that the citation should be returnable to the supreme court, was not to require that the sheriff serving it should be commanded to make return of it to the supreme court. Section 3022 shows, that the sheriff must return it to the officer issuing it, who is required to com-

municate the citation to the supreme court. No other view of sections 3018 and 3022 would make them harmonious. The object of section 3018 was, simply to indicate that the citation was legally possessed of the quality of being transmissible or returnable to the supreme court, and of becoming evidence to that tribunal of the notification of the appellees. The form of the citation, it may be remarked, has the sanction of long usage. Section 3022 is awkwardly expressed, and somewhat confused; but we understand it to authorize the inclusion of a copy of the citation in the transcript, and to make the certificate, that the transcript is a complete transcript of all the proceedings in the cause, evidence to this court of the citation as copied. The citation, and its service, are included by the phrase "proceedings in the cause," within the meaning of that phrase in section 3022. While a copy of the citation may be embraced in the transcript, nevertheless the original may be transmitted to this court; for, by section 3018, it is made returnable to this court. With this view of the two sections of the Code above noticed, we have recently adopted a rule of practice, requiring the original citation to be sent to this court, if it is not attainable for insertion in the transcript. It is of great importance that the citation and its service should, when practicable, be inserted in the transcript; for, as we have no final record, there would be no evidence of the service, except on detached paper, unless the citation and the return of service are copied in the transcript.

The motion is overruled.