# Thrower *et al. v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Officer de facto.* — The official acts of a sheriff, recognized as the lawful officer and discharging his duties without molestation or hinderance, done in the interval between the election and qualification of his successor and the assumption of the active discharge of the duties of the office by him, are valid and binding upon parties to suits, third persons, and the public.

2. *Practice disapproved.* — The court condemns the practice pursued in this case, in regard to the pleadings, as calculated to entail trouble upon the court and produce confusion in the administration of justice.

VOL. LII.

[Thrower v. State.]

APPEAL from the City Court of Mobile.

The name of the presiding judge is not stated on the record.

The appellants were convicted of an assault with intent to murder. Being arraigned at the term at which the indictment was found, they filed several pleas in abatement, all of which resolve themselves into an objection that the grand jury which found the indictment was not a legal body, because summoned by a person who was not the sheriff. The record is very defectively made up, it being agreed that certain admitted facts in another case should be treated as incorporated in the pleas in this case; but a portion only of the proceedings in it were appended to the transcript sent up on this appeal. It seems however, from the transcript of the two cases, that the error complained of was the sustaining of a demurrer to certain of the pleas in abatement. The facts which by the agreement it was consented should be considered as incorporated in the pleas are fully set forth in the opinion.

No counsel appeared for appellant.

JOHN W. A. SANFORD, Attorney General, contra.

JUDGE, J. — The grand jury which preferred the bill of indictment against the defendants in this case, were duly summoned as grand jurors by Rufus Dane, who had been duly elected and qualified as the sheriff of Mobile county, in November, 1871. In the month of November, 1874, Duncan T. Parker was duly elected such sheriff. As the successor in office of the said Dane, he took the oath of office, and filed his official bond, before the grand jury had been summoned by Dane, but had not entered upon the discharge of his official duties. Dane continued in the office, discharging all its duties, without molestation or interference from any quarter, and was recognized as the lawful sheriff, until after the grand jury had been summoned; subsequent to which event, Parker assumed the active duties of the office.

To prevent a chasm in the administration of justice, all the official acts of Dane, prior to the time his successor entered upon the discharge of the duties of the office, in so far as they affect the public or parties to suits, must be regarded as valid; and this on the same principle which recognizes as binding and valid the acts of a sheriff de facto. Garner v. Clay et al. 1 Stew. 182; Flournoy v. Clements et al. 7 Ala. 535.

The above question is presented by the record in an imperfect and irregular manner, — by an agreement of counsel made in the court below to adapt " the pleadings and proceedings

thereon," in another cause, to this one ; a part of the proceedings in which other cause being a statement of facts which it was agreed might " be referred to as facts as if stated in the pleadings," &c. Such a practice is calculated to entail trouble upon the courts, and produce confusion in the administration of justice, and is not to be encouraged.

We have carefully examined the record and can find no error therein prejudicial to the defendants, and the judgment of the city court must be affirmed.