## CHRISTOPHER CARLI vs. ESAIAS RHENER.

### October 15, 1880.

**Acts of Officer de facto.**—A person claiming and having color of title to an office by election or appointment, and in possession thereof, exercising its functions and duties, is the officer *de facto*, and his acts as to the public and parties interested in them are valid and cannot be questioned, notwithstanding another person may be the officer *de jure.* Application of this rule to the facts of this case.

Appeal by defendant from an order of the municipal court of Stillwater, vacating and setting aside the decision and order for judgment and the judgment in his favor thereon, mentioned in the opinion.

*L. E. Thompson,* for appellant.

*Gregory & Comfort,* for respondent.

BERRY, J. Norgord was and acted as the judge of the municipal court of Stillwater for the two years prior to April 7, 1880. On that day Smith, who had been duly elected as his successor, took the requisite oath of office at five minutes after 11 A. M., and we may as well assume (what we understand to be the fact, though it does not appear as it ought to,) that he immediately filed such oath in the office of the city clerk, as by law required, so that he was duly qualified. Norgord, between the hours of 11 and 12 of the same day, and after Smith had qualified, signed findings of law and fact in the case at bar, closing the same with a direction for judgment accordingly. It appears—though we do not perceive that this is important—that he (Norgord) had arrived at a determination of the case before Smith qualified; but such his determination had not then been reduced to writing. At the time of signing the findings and direction he had not been made aware that Smith had qualified. The clerk of the municipal court, upon the filing of the findings and direction on the next day, entered judgment accordingly. There is nothing to show that Smith in fact took possession of the office for which he had qualified, by exercising any of its func-

tions or duties, until after the findings and direction had been signed and handed to the attorney for the successful party to be filed with the clerk.

Upon this state of facts, we are of opinion that the judgment was valid. Norgord came into office under an election or appointment, (it does not appear which,) the regularity and validity of which are not questioned. Under color of this election or appointment he was exercising the duties of the office at the time of signing the findings and direction spoken of. Inasmuch as Smith had qualified, he was *de jure* the judge, and Norgord's term *de jure* was, under the statute, at an end. Gen. St. 1878, *c.* 64, § 133. But, as it in no way appears that Smith had taken possession of the office by exercising any of its duties or functions, Norgord, who was exercising its duties under the color spoken of, continued and was in possession of it. His case is, therefore, that of an officer *de facto*—a person having and claiming color of title to an office by election or appointment, and in the exercise of its functions and duties; that is to say, in possession of it. The acts of such an officer are valid as respects the public and persons interested therein, and as to them cannot be questioned. *Brown* v. *Lunt*, 37 Me. 423; *State* v. *Brown*, 12 Minn. 538; *Wilcox* v. *Smith*, 5 Wend. 231; *People* v. *Peabody*, 6 Abb. Pr. 228; Id. 296; *People* v. *Cook*, 8 N. Y. 67; *Town of Plymouth* v. *Painter*, 17 Conn. 585; *In re Boyle*, 9 Wis. 264. That one person in possession of an office may be the officer *de facto*, while some other person is the officer *de jure*, is of course, though it is said that there cannot be an officer *de jure* and an officer *de facto* both in possession of the same office at the same time. *Boardman* v. *Halliday*, 10 Paige, 223.

The act of Norgord in signing the findings and direction for judgment being valid, it was the duty of the clerk to enter the judgment accordingly, as he did. The judgment was, therefore, valid, and the court below erred in vacating and setting it and the findings and direction aside.

The order appealed from is, therefore, reversed.