# Floyd v. The State.

*Indictment for Escape, and for Resisting Officer.*

1. *Appointment of minor as special constable.*—A minor is not eligible to the office of constable; but, when specially appointed by a justice of the peace to execute a particular process (Code, § 768), he is an officer *de facto*.

2. *Acts of officer de facto; resisting or escaping from him.*—An officer

[Floyd v. The State.]

*de facto*, executing process placed in his hands, is entitled to the same protection that the law gives to an officer *de jure;* and a person who is indicted for resisting him, or escaping from him, can not be heard to question his appointment.

3. *Authority of arresting officer.*—If the arrested person, being brought by the officer into the presence of the magistrate, attempts to escape before the magistrate has taken any step, or made any order changing his legal *status*, he may be pursued and recaptured by the arresting officer without any new process.

FROM the City Court of Montgomery.

Tried before the Hon. THÓS. M. ARRINGTON.

The indictment in this case contained two counts, the first charging that the defendant "willfully and knowingly resisted R. E. Morrill, a special constable, while executing a warrant of arrest issued by D. H. Workman, a justice of the peace;" and the second, that he "did willfully escape from the custody of said Morrill," while in his custody as such special constable under said warrant of arrest. Being tried on issue joined on the plea of not guilty, the defendant was convicted under the second count of the indictment; and he brings the case to this court on points reserved by bill of exceptions during the trial.

The warrant of arrest issued by said Workman, which was offered and read in evidence on the trial, contained an indorsement in these words: "R. E. Morrill is authorized to execute this warrant." Said Morrill, testifying on the trial as a witness for the prosecution, stated that "he arrested the defendant under said warrant, and carried him before said Workman, and made his return on the warrant; that said Workman then told defendant he would require a bond for his appearance later in the day, for a hearing; that defendant then proposed to witness, in the presence and hearing of said Workman, that he would go out and get a bonds-man, if witness would go with him; that thereupon, without the express order of said Workman, but with his knowledge, witness went out with defendant, taking the warrant from the justice's table, with his knowledge, and putting it in his pocket; that they went several squares, but failed to find the man defendant wanted, and started to return to the justice's office, when the defendant refused to go with him any further, and turned and walked off; that witness grabbed him, and tore his shirt, and went two squares with him, but, finding he could not stop him, left him, and went back to the justice's office, and returned the warrant; and that defendant did not fight, nor make other resistance than as stated. Said Morrill testified, also, that he was, when appointed to arrest the defendant, between eighteen and nineteen years old. The defendant, testifying as a witness for himself, stated that he knew Morrill was under twenty-one years of age, and did not know that he had the warrant with him; that

[Floyd v. The State.]

Morrill did not show it to him, nor tell him that he had it, after they left the justice's office."

"The defendant insisted, by his counsel, that said Morrill was not a legal officer, and could not be deputized, being under twenty-one years of age, and asked the court so to charge the jury; which charge the court refused to give, and the defendant excepted. The defendant asked the court to instruct the jury, also, that after Morrill had arrested him, and carried him before Justice Workman, the warrant was *functus officio*, and Morrill no longer had any authority by virtue of it. The court refused this charge, and the defendant excepted to its refusal. The court then charged the jury, that they could not, under the evidence, convict the defendant under the first count in the indictment, for resisting an officer; but, if they believed the evidence, they must find him guilty of an escape, under the second count. To this charge the defendant excepted. The court charged the jury, also, that said Morrill was, under the appointment of Justice Workman, a legal constable for the purpose of executing the warrant of arrest; and that he was such, under the law, at the time of the execution and return of the warrant as testified to; and that if they believed the evidence, as to what occurred when Morrill went with defendant to get a bonds-man, then defendant was guilty of a common-law escape, and they should so find. To this charge, also, the defendant excepted."

WILLIAMSON & HOLTZCLAW, for the appellant.—A minor is not capable of holding the office of constable.—Code, § 149. Being disqualified to hold the office, he was not a lawful officer, and the defendant was never in his lawful custody. Nor could a single act make him an officer *de facto.*—*Cary v. The State*, 76 Ala. 78. If the original arrest was lawful, the warrant had lost its force and efficacy when the defendant was arrested under it, and carried before the magistrate, subject to his order; and no new process being issued, the defendant was no longer in the custody of said Morrill. Nor, if lawfully in his custody, do the facts show an escape. Refusing to go further with the officer, if lawfully in his custody, is not an escape, since the officer may use necessary force.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Noles v. The State*, 24 Ala. 672; *Heath v. The State*, 36 Ala. 273; *Cary v. The State*, 76 Ala. 78; *Andrews v. The State*, 78 Ala. 483.

SOMERVILLE, J.—The special constable appointed by the justice of the peace was an officer *de facto*, although he was in-

eligible to the position by reason of his minority. The justice was invested by statute with the authority to appoint in certain specified contingencies, and was the exclusive judge of their existence.—Code, 1876, § 768; *Noles v. The State*, 24 Ala. 672. The official acts of the special constable were, therefore, just as valid for all purposes as if he had been a legally appointed officer acting *de jure*, so far as the public and third persons were concerned.—*Cary v. The State*, 76 Ala. 78; *Joseph v. Cawthorn*, 74 Ala. 411; *Masterson v. Matthews*, 60 Ala. 260; *Heath v. The State*, 36 Ala. 273; *Mayor v. Stoneum*, 2 Ala. 390; *Sheehan's Case* (122 Mass. 445); s. c., 23 Amer. Rep. 374; *Hildreth v. McIntire*, 19 Amer. Dec., p. 63, NOTE; *State v. Carroll*, 9 Amer. Rep. 409.

The resisting of an officer *de facto*, or escaping from his custody, while under arrest, was as much a violation of law as if the officer were one *de jure*.—*Andrews v. The State*, 78 Ala. 483; 1 Bishop's Cr. Proc. (7th Ed.) § 464. If every culprit were permitted to collaterally assail the personal eligibility of officers of the law, while in their custody, by attempts to resist or escape from them, a most dangerous obstruction would frequently be raised to the orderly administration of justice.

The defendant was in the custody of the special constable at the time of his escape, the magistrate having taken no step, nor made any order, by which his legal *status* was changed. He had a right, therefore, to pursue and re-take the defendant, as a necessary means of preserving such custody of him.—Code, 1876, § 4672.

The rulings of the court fully accord with these principles, and the judgment is affirmed.

