# Cook v. The State.

*Scire Facias against Bail on Forfeited Recognizance.*

1. *Circuit clerk acting after resignation.*—When a circuit clerk has resigned, but continues to discharge the duties of the office until his successor is appointed and enters on the duties of the office, he is regarded as an officer *de facto*, and his official acts are valid and binding so far as the rights of the public, or of third persons having an interest therein, are concerned.

2. *Default of principal after appearance.*—Bail are not discharged from liability, because their principal duly appeared, was arraigned, entered upon his trial, and continued to appear from day to day until the jury retired to consider of their verdict, when it is further shown that he fled before the jury returned a verdict, and that he had never been surrendered or taken into the custody of the sheriff.

APPEAL from the Circuit Court of Covington.
Tried before the Hon. JOHN P. HUBBARD.

JOHN GAMBLE, and W. D. ROBERTS, for appellants.

WM. L. MARTIN, Attorney-General, for the State, cited *Thrower v. State,* 52 Ala. 22; *Floyd v. State,* 79 Ala. 39; cases in 2 Brick. Digest, 290, § 19; 3 *Ib.* 681, § 14; Code, § 257; *Hawk v. State,* 84 Ala. 466.

McCLELLAN, J.—John E. Stanley forwarded his resignation of the office of clerk of Covington Circuit Court, on or about March 5, 1889. On March 23, 1889, the resignation was accepted; and on that day his successor was duly appointed, but did not qualify, or enter upon the discharge of the duties of the office, until several days thereafter. Mean-

while, Stanley continued in possession and control of the office, and to discharge the duties thereof, until his successor qualified and took charge, several days subsequent to March 23; 1889, as we have said; and while so in custody of the office, and discharging its duties, he issued on March 23, 1889, a *scire facias* to the sureties on the bail-bond of one John W. Penton, notifying them that their principal had failed to appear at the March term of said court, that judgment *nisi* had been entered against them, and that said judgment would be made absolute at the next term of the court, unless they appeared and showed cause to the contrary. The *scire facias* is attested, "J. E. Stanley, Clerk," and was served on all the sureties on the date of its issuance. They appeared at the ensuing term, and moved the court to quash the *scire facias*, on the ground that said Stanley was not the clerk of said court at the time of its issuance, and had no authority to act in that behalf. The facts as stated above being adduced in evidence on this motion, it was overruled by the court, and an exception reserved.

We have no doubt of the correctness of the court's action. Unquestionably, Stanley was *de facto* clerk of the court on the 23d day of March, and subsequently, until the induction into office of his successor.—Murfree on Sheriffs, § 1140 *et seq.*; *Morton v. Lee*, 28 Kan. 286; *Woodside v. Wagg*, 71 Me. 207; *Carli v. Rhener*, 27 Minn. 292; *The State v. Carroll*, 38 Conn. 449; *Cory v. State*, 76 Ala. 78; *Thrower v. State*, 52 Ala. 22. It is also entirely free from doubt upon authority and on principle, that the acts of a *de facto* officer are valid and binding, so far as the rights of the public, or third persons having an interest therein, are concerned, and can not be collaterally impeached.—2 Brick. Dig. p. 290, § 19; 3 Brick. Dig. p. 681, § 14; *Cory v. State*, 76 Ala. 78; *Floyd v. State*, 79 Ala. 39.

The defendants sought to set up in answer to the *scire facias*, that their principal appeared at the term of the court at which the judgment *nisi* was taken against them, was arraigned, entered upon his trial, and appeared from day to day during the progress of the trial, and until the jury retired to consider of their verdict. The pleas to this end did not aver that their principal was present in court when the jury appeared therein to deliver their verdict, on the morning after their retirement, nor that prior thereto he had been placed in the custody of the sheriff, either by his bail, or under an order of court. The pleas were fatally defective. Disclosing that the trial had been entered upon, they should have disclosed further, that the defendant had remained in attendance to

respond to the judgment that should result therefrom, or that the sureties were discharged by reason of the defendant being taken in custody. The demurrers which were addressed to this infirmity, were properly sustained; and it appearing in evidence that the defendant fled while the jury were considering of their verdict, and failed to appear when they were ready to return their finding, judgment final was properly rendered against his sureties.—*Hawk v. State*, 84 Ala. 466.

Affirmed.