# Butler, *et. al. v.* Walker, *et. al.*

*Quo Warranto Proceedings to Remove Intendant and Council-
men of the Town of Rutledge.*

1. *Municipal charter not forfeited by non-user.*—A municipal charter
is not forfeited by non-user for any period of time, and such charter
can be forfeited only by legislative action by repeal, or judicial action
adjudging a forfeiture.
2. *Municipal corporations with conditional corporate existence prescrib-
ed in charter.*—The legislature may create municipal corporations
conditionally, prescribing certain conditions precedent to corporate
existence, a disregard of which will operate a destruction of corporate
entity as effectually as if accomplished by act of contemporaneous
legislation.
3. *Forfeiture of charter by non-compliance with prescribed requirement.*
When a legislative enactment grants a charter, with the provision
that if there should be a failure to hold an election for certain officers
on a day named in the act, that all the powers, rights, etc., conferred
on such officers, should cease and be of no effect, the happening of the
event—the failure to hold the election as provided—is a legislative
determination of dissolution, *ipso facto.*
4. *But one valid charter in existence at one time.*—Two distinct char-
ters for one corporation can not exist at the same time, and there-
fore, the proceedings before the judge of probate to re-incorporate a
town already incorporated, are void. The legislative charter of 1871,
of Rutledge, having been forfeited by failure to comply with its con-
ditions, there was no obstacle to the valid incorporation under the
general law in 1881. There was no forfeiture of that corporation by
non-user.

[Butler, et al. v. Walker, et al.]

5. *De facto officers holding de jure offices.*—The respondents in the case at bar, having been irregularly elected in 1891 by the call of the sheriff under § 1493, instead of by their predecessors under § 1495, of the Code, are *de facto* officers, intendant and councilmen of Rutledge, and the offices held being there designated and prescribed by the valid charter of 1881, are *de jure* offices; and all acts done by said officers in their official capacities are valid, and binding as if their election had been in all respects regular.

APPEAL from Crenshaw Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

This was a proceeding in the nature of a *quo warranto*, to oust the incumbent intendant and councilmen of the town of Rutledge, and to annul and set aside certain ordinances enacted by them relating to licensing retail liquor dealers. The grounds upon which the proceedings were prosecuted are sufficiently stated in the opinion of the court.

GAMBLE & BRICKEN, for appellants.

I. H. PARKS, for appellee.

McCLELLAN, J.—The propositions that a municipal charter is not forfeited by non-user for any period of time, and that to this end there must be legislative action by repeal of the act of incorporation, or judicial action adjudging forfeiture, may be conceded for all the purposes of this case to be thoroughly established; indeed, we entertain no doubt of their soundness. But it is equally clear, we think, that the legislature, having plenary power in the premises, may create such corporations conditionally, that is, make provision for corporate existence upon a vote of the people within the territorial limits of the proposed corporation accepting the franchises, privileges and immunities granted in the act; and also, as a corollary to this power, to prescribe a condition precedent, the charter act may provide a condition subsequent to continued corporate existence, or even may absolutely limit the duration of the corporation it creates, In either of which cases, the provision is no more than a precedent legislative determination and declaration of forfeiture or surrender of corporate existence at a certain time, or upon the happening of a certain event, and is, to our minds, as efficacious to the destruction of corporate entity, as would be contemporaneous legislative abrogation of the charter. We are, therefore, of the opinion, that it was entirely within legislative competency to make provision in the act of March 8, 1871, chartering the town of Rutledge, for the dissolution of the corporation upon an event therein

specified, and that the clause of that act, which is in this language: "If there should be a failure to hold the annual elections for intendant and councilmen on the day mentioned in this act for that purpose, then all the powers, rights, privileges, immunities and franchises hereinbefore or hereinafter conferred on the said intendant and council, as a corporation, shall forever cease and determine, and be of no force and effect whatever," is a sufficient legislative determination and declaration of dissolution, in and of itself working corporate destruction, *ipso facto*, on the happening of the condition upon which it was intended to become operative. That the condition did transpire—that there was a failure to hold the annual election—within a year or two after the original organization of the municipality under the act, and for each year since that time, is admitted in this case; and we feel safe in the conclusion that this failure of the corporation to comply with the organic law of its existence entailed upon it the destructive consequences prescribed by that law, and that the town of Rutledge thereupon became as if it had never been erected into an incorporation at all. There was therefore no legal impediment to the subsequent incorporation of the town of Rutledge under the general law then embodied in the Code of 1876, §§ 1763–1802, as amended by acts passed in 1879 and 1881, and now with these amendments constituting sections 1486 *et seq.* of the Code of 1886; and the town was in fact duly and regularly incorporated under that law in the latter part of the year 1881. There is no provision for forfeiture of incorporation for non-user or other cause in the general law; there has been no legislative declaration of forfeiture, and no judicial dissolution of that corporation since then. On the principles stated in the outset of this opinion and to the soundness of which counsel upon either hand subscribe, that corporate entity has existed at every moment of time since the decree of the probate judge to that end was rendered and it exists to-day, notwithstanding organization under it which was regularly perfected upon the passing of the decree, was not kept up, the fact being, the officers elected for the year 1883, after entering upon the discharge of their duties, and discharging them for a time, ceased so to do before the expiration of their terms, and afterwards, for several years, no elections were held. It may be said to be axiomatic, that two distinct charters for one corporation can not exist at the same time, and, of consequence, that a corporation already in existence and having a valid charter can not be reincorporated through proceedings before the judge of probate,

who has no authority to repeal, annul or declare forfeited
an existing charter, but whose powers are, to the contrary,
expressly limited to the incorporation of the inhabitants of
a town "not incorporated."—Code, 1876, § 1763; Code, 1886,
§ 1486. It follows, of course, that the efforts of the inhab-
itants of Rutledge to reincorporate the town by proceedings
before the probate judge in 1888, and again in 1891, on the
mistaken idea that the non-user after the incorporation of
1881, had forfeited corporate existence, were entirely abor-
tive, the orders and decrees of the judge of probate in that
behalf were utterly void, and all that was done, ordered and
decreed in those connections is now to be taken as if no such
efforts had ever been made, and as if no such orders or de-
crees had ever in fact been entered. Yet under the sup-
posed new incorporation of 1891—as also under that of
1888—an election was held by the sheriff, as provided in
section 1493 of the present Code, for an intendant and five
councilmen, and the persons elected were inducted into office
and discharged the duties thereof for the term prescribed
by the statute. At the end of this term these persons thus
in fact constituting the intendant and council of the town,
and performing all corporate functions incident to these po-
sitions, ordered, we feel warranted in assuming from the
pleadings and agreed facts in this record, an election for the
selection of an intendant and five councilmen for the ensuing
year, and at this election were chosen the respondents to
this petition, who thereupon qualified and entered upon the
discharge of their duties. The present proceeding is in one
aspect in the nature of an information for *quo warranto*, and
seeks to have the respondents adjudged usurpers of the
office they now assume to occupy and ousted therefrom; in
another aspect it is more in the nature of an application for
*certiorari* than anything else, and seeks to have certain ordi-
nances enacted by the respondents declared void and ex-
punged. It is very clear to us that the petition is bad for
duplicity, if for no other reason, but we need not discuss
that point. This we pretermit because it is equally clear
that there is no merit in the case presented by petitioners in
either aspect, or in both combined, conceding they admitted
of combination. The corporation as brought into existence
by the proceedings before the probate judge in 1881, has, as
we have indicated, been ever since then an existing *de jure*
corporation, and is so now, notwithstanding there have, in
the interim, been two periods of time during which there
was no municipal organization, and the functions of the cor-
poration were not exercised. As a necessary incident to

this continued corporate existence, or rather as an essential and inherent part of it, there have also existed during all that time the *offices* in the corporation created by the statute, and designated as one intendant and five councilmen, and these offices are the same in all respects—the statutes in this regard being identical at the times of the original valid incorporation and the subsequent attempted reincorporation—under the incorporation of 1881, which still exists, as they were supposed to be under the void incorporations of 1888 and 1891. These *de jure* offices were irregularly filled by an election held by the sheriff in 1891, and the persons then elected entered upon and discharged the duties incident thereto under the color of right afforded by the proceedings of that year before the probate judge. These duties were the same and in like manner discharged as they would have been, and would have been performed had there been no attempted re-incorporation. The only point of difference lies in the fact that the incumbents erroneously referred their titles to the void proceeding of 1891, instead of the valid and still subsisting charter of 1881. The only real infirmity in that title resulted from the irregularity with respect to the election of 1891, in that it was called and held by the sheriff under section 1493, instead of by their predecessors in office, under section 1495 of the Code. This irregularity can not have the effect of impugning the validity of the acts done by these persons which were within the competency of the intendant and councilmen of the town. The offices were those prescribed by the valid charter of 1881. Their functions were those prescribed by that charter. They had no existence save by virtue of that charter. The law refers the title of the incumbents to that charter. They were clearly *de jure* offices. They were filled by persons claiming to have been elected to them and to be the intendant and councilmen of the town of Rutledge, which they could only be by the force of that charter, and who as such, unchallenged, carried on the government of the municipality. There can be no question we think but that these men notwithstanding the irregularity of their election were in every sense *de facto* incumbents of *de jure* offices,—and that their acts, as between the corporation and the public, or third persons, in their official capacities are as valid for all purposes as had they been regular successors through regular elections duly ordered and held, of the intendant and council chosen upon the original organization of the municipality in 1881.—1 Dillon Mu. Corp. §§ 221 n. 256 n. 276, and authorities cited; *People v. Bartlett*, 6 Wend. 422;

[Gore v. Dickinson.]

*Lynch v. Laffland*, 4 Cald. (Tenn.) 96; *Norton v. Shelby County*, 118 U. S. 425; 2 Brick. Dig. p. 289, §§ 18 *et seq.*; 3 Brick. Dig. p. 681, §§ 14 *et seq.*; *Floyd v. State*, 79 Ala. 39, and authorities cited.

Among the official acts done by these *de facto* officers was the *ordering of an election for the selection of their successors in office* as prescribed by the statute, and as the same would have been ordered had there been no lapse in corporate organization. This act and the election held under it were regular and valid. At this election the present respondents were chosen to be intendant and councilmen of the town of Rutledge. Under the principles we have stated there can be no impeachment of this election or of the title of those chosen thereat to the offices in question. That title is referable to the charter of 1881, through this election ordered and held as required by that charter. They are *de jure* incumbents of *de jure* offices; and the Circuit Court properly dismissed the petition which sought on the facts we have adverted to to oust them of their offices and have their acts while in office annulled.

Affirmed.