. BaeNey, J.,
delivered the opinion of the court:
The claimant was appointed and commissioned as one of the Circuit Court judges for the Territory of Hawaii, and qualified under his said commission on the 23d day of Jan *54 uary, 1902. On the 6th day of March, 1906, he was reappointed to said office and duly qualified and was commissioned as such judge on the 17th day of March, 1906. Both of the claimant’s said commissions specified that his appointment was “ for a term of four years, commencing • with the date hereof, subject to the provisions of law.”
It is conceded that claimant has served continuously as 'such judge from the 23d day of January, 1902, the date of .his first qualification, to the present time, but the accounting officers of the Government refused to pay him any salary from the 23d day of January, 1906, to the 17th day of March, 1906, on the ground that his first commission expired on the 23d day of January, 1906, and that his service from that date to the time of his second qualification was as judge de facto and not de jure, and hence that he was not entitled to any salary during said period. Conceding the law to be that a de facto officer can not recover any salary for his service as such, the question before this court for decision is whether during the period specified the claimant was a judge de facto or de jure; or, stated in another way, whether his first commission as judge expired on the 23d day of January, 1906, or whether it extended to his second qualification on the 17th day of March, 1906.'
The only statute upon the subject to which our attention has been called in the briefs on 'either side is section 80 of the act of April 30, 1900 (31 Stat. L., 156), the same being a part of “An act to provide a government for the Territory of Hawaii,” and that section, so far as it relates to this question, is as follows:
“APPOINTMENT, REMOVAL, TENURE, AND SALARIES OE OEJTCERS.
“ Sec. 80. That the President shall nominate, and, by and with the advice and consent of the Senate, appoint the chief justice and justices of the supreme court, the judges of the circuit courts, who shall hold their respective offices for the term of four j^ears, unless sooner removed by the President; and the governor shall nominate, and, by and with the advice and consent of the senate of the Territory of Hawaii, appoint the attorney-general, treasurer, commissioner of public lands, commissioner of agriculture and forestry, superintendent of public works, superintendent of public instruction, auditor, *55 deputy auditor, surveyor, high sheriff, members of the board of health, commissioners of public instruction, board of prison inspectors, board of registration and inspectors of election, and any other boards of a public character that may be created by law; and he may make such appointments when the senate is not in session by granting commissions, which shall, unless such appointments are confirmed, expire at the end of the next session of the senate. He may, by and with the advice and consent of the senate of the Territory of Hawaii, remove from office any of such officers. All such officers shall hold office for four years and until their successors are appointed and qualified, unless sooner removed, except the commissioners of public instruction and the members of said boards, whose terms of office shall be as provided by the laws of the Territory of Hawaii.”
As indicated by its caption, -this section purports to provide for the “ appointment, removal, tenure, and salaries of ” certain of the Territorial officers of Hawaii. The first clause of the section specifies the manner in which these officers are to be appointed; the judges by the President, by and with the advice and consent of the Senate, and certain other officers named, by the governor, by and with the advice and consent of the Territorial senate. The last clause provides for the tenure of office of “ all such officers,” and the question for consideration is whether the words “ all such officers ” refer to all of the officers named in the section or only those to be selected by the governor. If it were not for the sentence which comes in between these two clauses, we do not think there wotdd be any doubt as to the effect to be given to these words, and that they would be construed as applying to all of the officers provided for in said section; but as the section stands it may be said that there is some ambiguity as to their application.
This being the case, the court, in the construction of this section, is doubtless authorized to look beyond the language used in order to determine the intention of the lawmakers, and among other things to examine and give effect to the title of. the act in question. (Endlich on the Interpretation of the Statutes, secs. 4, 58; United States v. Palmer, 3 Wheat., 610, 631, and Smythe v. Fiske, 23 Wall., 374, 380.)
The word “ tenure ” in the title to this section wotdd seem to have particular reference to the last clause; and, if so, *56 we think there is good reason for believing that both have reference to all of the officers named in the section. While it may be true that, as applicable to the length of time to which a person may j?e elected or appointed to an office, the words “ tenure ” and “ term ” are often used interchangeably, we believe there is generally a recognized difference in their meaning as used in statutes, and in fact their general use. The derivation of the words well indicates the difference— the one the right to hold for an indefinite time and the other a period of time with fixed limits.
The word “ term ” when used with reference to the tenure of office ordinarily refers to a fixed definite time, and does not axsply to appointive offices held at the pleasure of the appointing power. (In re Batey, 52 N. Y. Supp., 871-872; Somers v. State, 58 N. W. R., 804, 806.)
In the following case it was held that when an officer was appointed for four years or until his successor was appointed and qualified, the “ term ” of office was four years. (State ex rel. Breidenthal, 55 Kan., 308, 312.)
When in this connection we take into consideration the fact that these judges were appointed to officiate in a Territory several thousand miles distant from the appointing power; and realize the confusion and disorder which might result from a hiatus in their terms of office, there would seem to be no doubt that the words “ all such officers ” were intended to be applied to the judges as well as the other officers named.
In fact, it can hardly be supposed that Congress intended to provide that the local officers appointed by the governor of the Territory should hold their offices until their successors were appointed and qualified, and that the terms of office of the judges appointed by the President should expire at the end of four years. There certainly was greater reason and necessity for extending the terms of office of the judges, as provided in the last clause, than of the other Territorial officers named.
While, as before stated, our attention has only been called to the section thus far discussed, we think there are other provisions in the statute which lend aid in its construction.
*57 Chapter 1 of Title XXIII of the Revised Statutes is a law, as stated in its title, “ common to all the Territories,” and section 1864 of that chapter is as follows:
Sec. 1864. The supreme court of every Territory shall consist of a chief justice and two associate justices, any two of whom shall constitute a quorum, and they shall hold their offices for four years, and until their successors are appointed and qualified. They shall hold a term annually at the seat of government of the Territory for which they are respectively appointed.”
Section 5 of the act of April 30, 1900, supra, and of which section 80 under discussion is a part, is as follows:
“ Sec. 5. That the Constitution, and, except as herein otherwise provided, all the laws of the United States which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States: Provided, That sections eighteen hundred and fifty and eighteen hundred and ninety of the Revised Statutes of the United States shall not apply to the Territory of Hawaii.”
Construing these two sections together, as we think they should be, certainly the chief justice and his associates provided for in said section 80 would hold their offices until their successors are appointed and qualified unless otherwise provided in said act; and there appears to be no contrary provision therein, unless it is contained in section 80, and even independently of the last clause, we do not so construe that section.
All of the Territorial judges are mentioned together in that section, and we see no reason for giving it a construction that would make such a difference in the tenure of office of the different classes.
It is our conclusion that the law should be construed as making the term of office of the claimant four years and to hold until his successor is appointed and qualified.
Judgment is therefore ordered for the claimant in the sum of $412.50.