## TERRITORY OF HAWAII *v.* DAVID MATTOON.

RESERVED QUESTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED OCTOBER 9, 1913.   DECIDED OCTOBER 13, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

OFFICERS—*de facto officer—collateral attack on authority of officer de facto.*

A public officer who wrongfully but in good faith holds over and continues to exercise the functions of an office after the term for which he was elected or appointed has elapsed, there being no *de jure* incumbent, is a *de facto* officer, and his title or authority cannot be collaterally questioned in proceedings to which he is not a party or which were not instituted to determine their validity.

SAME—*judge de facto.*

Where a judge of a circuit court of this Territory was commissioned by the President with the advice and consent of the Senate of the United States for the term of four years commencing on the 6th day of January 1909, continued, after the 6th day of January 1913, to perform the duties of the office as he had theretofore been doing; no new appointment having been made and there being no other claimant of the office; and the department of justice has continued to recognize the incumbent as such judge; held, that he is at least a *de facto* judge.

Territory v. Mattoon, 21 Haw. 672.

OPINION OF THE COURT BY ROBERTSON, C.J.

On or about August 15th, 1913, the district court of North Hilo held the defendant to answer any charge of forgery which might be preferred against him by the grand jurors for the fourth judicial circuit of the Territory of Hawaii. On September 29th the grand jurors were summoned to attend the fourth circuit court, Hon. Charles F. Parsons, judge, presiding, for the purpose, presumably, of considering with other matters, the accusation against the defendant. On the last mentioned date the defendant appeared and filed an "objection to jurisdiction and challenge to array of grand jury" in which it was alleged and claimed that as Judge Parsons' commission expired on the 6th day of January 1913, and no new appointment had been made, neither Judge Parsons nor any one else was qualified to call or swear a grand jury or to otherwise act as judge of the circuit court of the fourth circuit. It appears that Charles F. Parsons was commissioned on January 6, 1909, by President Roosevelt, with the advice and consent of the Senate of the United States, as judge of said court "for the term of four years, commencing with the date hereof, subject to the provisions of law."

The circuit judge reserved for the consideration of this court the following questions: (1) "Is a grand jury called together by virtue of orders made by Charles F. Parsons subsequent to the sixth day of January, 1913, a duly and legally constituted grand jury with power and authority to investigate into the alleged commission of crimes within the said judicial circuit?"

(2) "Had the said Charles F. Parsons the right, power, authority or jurisdiction at any time since the sixth day of January A. D. 1913, to make any orders as judge of said court?"

The contention of counsel for the defendant is that notwithstanding the decision of the court of claims in the case of *Robinson* v. *The United States*, 42 Ct. Cl. 52, to the contrary, under the law the power and authority of a circuit judge of this Territory ceases absolutely at the end of the term of four years

for which he has been commissioned. We are of the opinion, however, that that question is not presented for determination by the record before us, and that it cannot be raised in the manner followed in the case at bar.

Since January 6th last Judge Parsons has continued to perform the functions of circuit judge of the fourth circuit court as he had theretofore been doing; he has not been reappointed, but neither has any one else been appointed to the office, and there is no other claimant for the office; he is still recognized as such judge by the department of justice and receives the salary of the office through the department.

A public officer who wrongfully but in good faith holds over and continues to exercise the functions of an office after the term for which he was elected or appointed, there being no *de jure* incumbent, is a *de facto* officer. *Adams* v. *The Mississippi State Bank,* 23 So. 395, 398; *Keys* v. *Keys,* 109 Pac. (Kan.) 985; *Cary* v. *State,* 76 Ala. 78, 86; *Carli* v. *Rhener,* 27 Minn. 292; *Petersilea* v. *Stone,* 119 Mass. 465; *Waite* v. *Santa Cruz,* 89 Fed. 619, 626.

If the incumbency of Judge Parsons since January 6, has been rightful and by authority of law and the terms of his commission he is a judge *de jure,* and if his incumbency has been without authority of law, merely by color of authority, but in good faith and under the circumstances of general acquiescence above mentioned he is a judge *de facto.* We have no hesitation in holding that Judge Parsons is at least a *de facto* judge.

It is well settled that the acts of a *de facto* officer, so far as the rights of third persons are concerned, done within the scope and apparent authority of the office, are as effective as those of an officer *de jure,* and that the title or authority of an officer *de facto* cannot be collaterally questioned in proceedings to which he is not a party or which were not instituted to determine their validity. Mechem, Public Officers, Secs. 328, 330. *In re Manning,* 139 U. S. 504; *McDowell* v. *United States,* 159 U. S. 596; *Ex parte Henry Ward,* 173 U. S. 452; *Sheehan's Case,*

122 Mass. 445; *Clark* v. *Commonwealth,* 29 Pa. St. 129; *Rep.* v. *Oishi,* 9 Haw. 641, 646. In *Norton* v. *Shelby County,* 118 U. S. 425, 441, the supreme court said: "The doctrine which gives validity to acts of officers *de facto,* whatever defects there may be in the legality of their appointment or election, is founded upon considerations of policy and necessity, for the protection of the public and individuals whose interests may be affected thereby. Offices are created for the benefit of the public, and private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions. For the good order and peace of society their authority is to be respected and obeyed until in some regular mode prescribed by law their title is investigated and determined. It is manifest that endless confusion would result if in every proceeding before such officers their title could be called in question." In the case of *Territory* v. *Lockwood,* 3 Wall. 236, it was held that a proceeding in the nature of a *quo warranto,* to test the right of a person to exercise the functions of a judge of the supreme court of one of the Territories, must be in the name of the United States, and not in the name of the Territory. Mr. Justice Swayne, speaking for the court, said: "The judges of the Supreme Court of the Territory of Nebraska are appointed by the President and confirmed by the Senate of the United States. The people of the Territory have no agency in appointing them and no power to remove them. The territorial legislature cannot prescribe conditions for the tenure or loss of the office. Such legislation on their part would be a nullity. Impeachment and conviction by them would be futile as to removal. The right of the Territory to prosecute such an information as this would carry with it the power of amotion without the consent of the government from which the appointment was derived. This the Territory can no more accomplish in one way than in another. The subject is as much beyond the sphere of its authority as it is beyond the authority of the States as to federal officers whose

duties are to be discharged within their respective limits. The right to institute such proceedings is inherently in the government of the nation." What was there said applies to the circuit judges of this Territory as well as to the justices of the supreme court.

The challenge and objection interposed by the defendant in this case constituted a collateral attack upon the authority of the circuit judge. As shown by the authorities cited such an attack cannot be other than futile. The concrete question in this case, and the one which properly should have been reserved is whether or not the challenge and objection ought to be sustained. The questions reserved, however, are involved in the ultimate question and we deem it not inappropriate to answer them, and they are accordingly answered in the affirmative.

*Wade Warren Thayer, Attorney General,* and *R. W. Breckons* for the Territory.

*J. W. Russell* and *C. H. McBride* for defendant.

*D. L. Withington, R. B. Anderson* and *E. M. Watson,* a committee of the Bar Association, amici curiae.